State ex rel. Davidson v. Caldwell.

No Challenge.

Our writ is accordingly quashed. All concur.

THE STATE ex rel. A. A. DAVIDSON, Relator, v. I. W. CALDWELL et al., Respondents (Appellants).

Division Two, October 6, 1925.

1. **APPEAL: Assignments.** Mere abstractions of supposed legal principles applicable to the case do not constitute an assignment of errors.

2. **APPELLATE JURISDICTION: Title to Office: Constable.** The Supreme Court has jurisdiction of an appeal from the judgment of the circuit court refusing, upon *certiorari*, to sustain an order of a township board of trustees removing relator from the office of constable. Such proceeding involves title to "an office under this State" in the constitutional sense of those words.

3. **CERTIORARI: Judicial Act: Nature of Act: Review.** It is the nature of the act, rather than the character of the office, that determines whether a judicial or semi-judicial function has been exercised by a board or officers and by which must be determined the question whether *certiorari* is available to quash the act. The act of a township board of trustees in declaring the office of constable vacant and removing relator from the office, on the ground that he had failed after his election to qualify as required by law, is at least *quasi*-judicial in its nature, and therefore is subject to review by *certiorari*.

4. ———: **Issued by Clerk: Waiver.** Although the writ of *certiorari* recites that it is issued by the clerk, and not by the court, if the application for the writ is made to the court and the writ is made

returnable to the court, the irregularity is waived by its adoption by the court and its recognition by the court and the parties throughout the proceeding. It is likewise waived by respondents by the filing of a return, upon the overruling of their demurrer.

5. REMOVAL FROM OFFICE: Constable: Jurisdiction of Township Board. Relator having been duly elected to the office of constable, the township board of trustees has no jurisdiction to declare the office vacant, or to remove him from office, until the expiration of the ten days in which the statute says he shall be notified of his election.

6. ———: ———: ———: Character of Notice: Presumption. The notice required by the statute (Secs. 13190, 13193, R. S. 1919) declaring that the constable or other officer "shall be notified of his election" within ten days after his election or appointment is personal service, and it cannot be presumed that the clerk gave the notice or that some other than a written notice was a sufficient compliance with the statute.

7. CERTIORARI: Another Cause Pending: Availability of Writ. The writ of *certiorari* is an available remedy, not only where there is a total want of jurisdiction, but also where a board attempts to exercise unauthorized *quasi*-judicial powers. The relator had been discharging the duties of constable under the authority of his election to the office two years previously, and at the regular election in March was again elected. In May the township board of trustees declared the office of constable vacant, and nine days later he filed an affidavit for an appeal to the circuit court, which was granted, and his bond to stay further proceedings was approved by the board. Two days before the office was declared vacant the township clerk, for the first time, notified relator of his election, and he immediately subscribed and filed the statutory oath of office, and within ten days presented to the board, for its approval, an official bond, with sufficient sureties, which was refused, not because of any insufficiency, but because the board had previously declared the office vacant. Thereafter the board appointed another as constable of the township, and thereupon this action of *certiorari* was brought in the circuit court by relator, to quash the record of the board ousting him from the office and to quash the orders appointing his successor. *Held*, that the board had no authority to proceed further in the matter after said appeal from its order declaring the office was vacant was taken, and whether the right to an appeal existed or not said appeal cannot be held to be a cause pending in determining relator's right to the writ of *certiorari*, but the writ is an appropriate proceeding to quash the order vacating the office, and the utterly unauthorized order, made after the appeal was taken, appointing his successor.

State ex rel. Davidson v. Caldwell.

8. ———: **Defect of Parties Defendant: Waiver.** An action by *certiorari* to quash the record of a township board of trustees declaring the office of constable vacant and appointing another as the successor of relator, is not primarily against the township or the individuals constituting the board, but against them as members of the board; but it is immaterial in determining the legality of their acts whether the strict rules of pleading have been followed where the suit has been brought against the trustees as a board, and they have answered as such.

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 1505, p. 1359, n. 52. **Certiorari,** 11 C. J., Section 31, p. 103, n. 28; Section 58, p. 116, n. 87; Section 67, p. 121, n. 51; Section 68, p. 121, n. 58; p. 122, n. 65; Section 69, p. 122, n. 70; Section 121, p. 143, n. 13; Section 204, p. 163, n. 85; Section 249, p. 172, n. 59; Section 355, p. 199, n. 26; Section 402, p. 218, n. 81; Section 405, p. 219, n. 91; Section 409, p. 221, n. 24. **Courts,** 15 C. J., Section 511, p. 1080, n. 52. **Evidence,** 22 C. J., Section 71, p. 141, n. 71. **Notice,** 29 Cyc. p. 1117, n. 33; p. 1119, n. 57. **Sheriffs and Constables,** 35 Cyc., p. 1509, n. 56; p. 1514, n. 32 New.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Hall & Billings* for appellants.

(1) The reviewing court has no jurisdiction to review the proceedings below unless a writ has duly issued whereby the record of the proceedings is to be removed. State ex rel. v. Weinfurther, 66 N. W. 702; State ex rel. v. Souders, 69 Mo. App. 472; State ex rel. v. Valliant, 123 Mo. 524; State ex rel. v. Thompson, 45 Mo. 52; 6 Cyc. 795; 11 C. J. 163; McKay v. Jones, 30 Ark. 148; Dicuss v. Bright, 23 Ark. 107. (2) The issuing of the common-law writ of *certiorari* is the exercise of judicial power and discretion in term time, and such writ cannot be issued by the clerk, a mere ministerial officer, who cannot exercise judicial power and discretion. State ex rel. v. Springer, 134 Mo. 212; State ex rel. v. Valliant, 123 Mo. 531; State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Dobson, 135 Mo. 19; State ex rel. v. Wurdeman, 254 Mo. 561. (3) Judicial power is the power of the judge or chancellor. The issuance of a writ of *certiorari* is the exercise of a judicial power in the exercise of judicial

discretion by the judiciary. State ex rel. v. Hathaway, 115 Mo. 36; State ex rel. v. Andrae, 216 Mo. 617. (4) The writ of *certiorari* is the first pleading in Missouri. The application or petition for the writ is a mere assignment of errors. State ex rel. v. Powers, 68 Mo. 323; State ex rel. v. Dowling, 50 Mo. 134; State ex rel. v. Williams, 70 Mo. App. 238; State ex rel. v. Valliant, 123 Mo. 531; State ex rel. v. Souders, 69 Mo. App. 473; State ex rel. v. Morton, 27 Mo. 320; State ex rel. v. Dobson, 135 Mo. 1; State ex rel. v. Springer, 134 Mo. 212; State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Wurdeman, 254 Mo. 561. (5) No waiver of void writ to appear and file return. State ex rel. v. Dowling, 50 Mo. 134; Jones v. Sanderson, 229 S. W. 1087. (6) The void writ is fatally misdirected. Holcomb Township is a corporate body under the provisions of township organization, and as such corporation must sue and be sued as such. Secs. 13169, 13171, R. S. 1919; State ex rel. v. Souders, 69 Mo. App. 472. (7) *Certiorari* will not lie. The act reviewed was not an exercise of judicial power. Declaring the office of constable vacant, and the appointment of a new constable, was solely executive and administrative, and coupled with a discretion. Sec. 13198, R. S. 1919; 5 R. C. L. sec. 14, p. 263. (a) An act involving discretion is not a judicial act and not reviewable by *certiorari* proceedings. State ex rel. v. Reynolds, 190 Mo. 588; State ex rel. v. Shocklee, 237 Mo. 460. (b) The power delegated to the township board to declare vacancies is not "for cause." In order for the action of a public agent or governmental agent to be reviewed as a judicial act by *certiorari* it must be "for cause." No judicial action involved where the power is delegated is for exercise upon those specified by the statute alone. State ex rel. v. Knott, 207 Mo. 167; State ex rel. v. Slover, 113 Mo. 202. (c) The law presumes that an officer has done his duty, and in this case, although the return is silent as to the giving of the statutory notice by the clerk (Sec. 13187, R. S. 1919), it will be presumed that the clerk gave such notice. State ex rel. v. Andrae, 216 Mo. 617. (d) The matter of notice in writing is not

jurisdictional. Jurisdictional facts go to due process of law: appearance and trial. · Hence refer only to judicial action or exercise of power "for cause." The order of the corporate board is conclusive. There was an appearance and trial. The powers granted by Sec. 13198 is not judicial action, nor exercise for cause. Trial and appearance could have been dispensed with. State ex rel. v. Knott, 207 Mo. 167; 5 R. C. L. sec. 14, p. 263.; Secs. 13193-13195, R. S. 1919. (8) The return shows that relator took and was granted an appeal to the July term of the Dunklin County Circuit Court from the order of appellants declaring a vacancy in the office of constable, and that said suit was still pending at the time of the institution of the within suit by *certiorari*, and was still pending at the time of the filing of the return herein. This affirmative defense was specifically pleaded. Vantine v. Butler, 250 Mo. 450.

*McKay & Jones* for relator.

(1) The writ of *certiorari* is proper to bring up the action of the township board in ousting the relator who was constable-elect. 11 C. J. p. 120; State ex rel. v. County Court, 237 Mo. 460; State ex rel. v. Wells, 210 Mo. 601; State ex rel. v. Reynolds, 190 Mo. 578; State ex rel. v. Harrison, 141 Mo. 12; State ex rel. v. Slover, 113 Mo. 202. (2) (a) The relators entered their appearance and waived the issuance of the writ. The filing of the application for change of venue, demurrer and motion to dismiss, incorporating within the motion pleas to the merits of the cause, together with the filing of the return and the conduct of the respondents causing the relator to go to the expense of a trial, are such things as will waive a defective writ and enter the appearance of respondents. Rector v. Circuit Court of St. Louis, 1 Mo. 607; Tilles v. Pub. Co., 241 Mo. 618; Baisley v. Baisley, 113 Mo. 551; Advertising Co. v. Castleman, 265 Mo. 345; 11 C. J. 168, par. 238; 169, par. 323; 187, par. 321; Tippach v. Briant, 63 Mo. 580.; Tuttle v. Hutchison, 173 Iowa, 503; Graves v. Richmond, 56 Iowa, 69; State ex

rel. Koehler v. Bulger, 233 S. W. 486. (b) The proper way to raise the question as to a defective writ or a void writ is by proper motion before the filing of the return. 11 C. J. 170, par. 234; State v. District Court, 190 Mont. 285. (3) Section 13187 provides that the township clerk shall, within ten days after such township election, transmit to each person elected to any township office a notice of his election. It is undisputed that this notice was never given in writing prior to the record herein ousting the constable-elect and appointing his successor; that within ten days after his notification in writing the constable-elect qualified by filing his bond as prescribed by the statute. (a) The notice required by Section 13187 must be in writing. 29 Cyc. 1117, par. B; Foley v. Mayner, 37 N. Y. Supp. 465; Jenkins v. Wild, 14 Wend. (N. Y.) 539; Norton v. New York, 38 N. Y. Supp. 90; Pierson v. Lovejoy, 53 Barb. (N. Y.) 407; McSwen v. Montgomery Co. Ins. Co., 5 Hill (N. Y.) 101; State v. Elba, 34 Wis. 169. (b) It is conceded that no written notice was ever given relator herein as contemplated by the statute. (c) The question as to whether notice was given is a question for the court to determine. 29 Cyc. 1126; Muldraw v. Roberson, 358 Mo. 331. (d) No notice having been given according to the statute, the proceedings of the board ousting the duly elected constable and appointing a successor was void.

WALKER, P. J.—This action, sounding in *certiorari*, was brought in the Circuit Court of Dunklin County to quash the record of the Township Board of Holcomb Township ousting the relator as constable of said township and to quash certain orders of said board appointing his successor. Dunklin County having adopted township organization (Chap. 121, R. S. 1919), the law in regard thereto, being in force at the time of this proceeding, is applicable to Holcomb Township. A writ of *certiorari* was issued by the judge of the Circuit Court of Dunklin County, directing the Board of Holcomb Township to certify to said court the record of its proceedings in regard to the matter here under review. Re-

spondents filed a motion to quash the writ and also a demurrer thereto. These in their order were overruled. Respondents thereupon filed an application for a change of venue and also a return to the writ. The application was granted and the case was sent to the Circuit Court of Cape Girardeau County, where the respondents filed a motion to dismiss, on the ground of a defect of parties, that the township and not the board of trustees should have been sued. This motion was overruled. Thereafter at the same term respondents filed a motion for a judgment on the pleadings, together with a demurrer and a motion to quash, which, after argument of counsel, the court took under advisement and overruled, and later, at the same term, the cause was reargued and submitted and an order was made dismissing the relator's petition on the ground that the writ was void because it had been issued by the clerk. Thereupon the relator filed a motion to set aside the order of dismissal of his petition, which having been heard on argument of counsel for the respective parties was sustained, and the court's order set aside and the case re-instated on the docket. Upon a rehearing upon the merits the court found that the respondents, as members of such township board, had failed to give the relator, Davidson, the ten days' notice of his election required by law. The remainder of said judgment was in these words:

"And that the order of the township board made and entered on the 14th day of May, 1921, declaring the said office of the Constable of Holcomb Township vacant, and the order made and entered on the —— day of June, 1921, by the township board appointing S. E. Stephens as Constable of Holcomb Township, is void and of no binding force and effect, and that said orders as aforesaid are by the court cancelled, set aside and for naught held; and that all the proceedings had by the township board touching the ousting of A. A. Davidson as Constable of Holcomb Township and the appointing of S. E. Stephens as such constable are void and the same are quashed, set aside, cancelled, annulled and for naught

held, and the costs of this proceeding are taxed as follows:

"All costs of the case except the costs of the subpoenaing and attendance of the witnesses subpoenaed on behalf of respondents and the costs incurred by reason of the change of venue taken by the respondents are taxed against relator; the costs excepted above are taxed against respondents."

In compliance with the required procedure the respondents appealed to the St. Louis Court of Appeals, which on its own motion transferred the case to this court on the ground that title to "an office under this State" was involved (Sec. 12, Art. 6), and that the appeal should have been to this court.

Other facts of record necessary to an understanding of those stated are as follows; they are presented more in the order of their occurrence than logically:

At a general election held in Holcomb Township, March 29, 1921, the relator was elected to the office of constable. On the 14th day of May, 1921, the township board, on the petition of certain citizens of the township, declared the office of constable vacant. On the 23rd of May, 1921, the relator filed an affidavit for an appeal to the circuit court from the action of the board declaring the office vacant, which was granted, and the bond filed by the relator on the same day to stay further proceedings was approved by the township board. On the 21st day of May the township clerk notified the relator of his election as constable, and on the day he received the notice he made and subscribed to an oath before a justice of the peace to faithfully demean himself in office as constable and filed the oath and his acceptance of the office with the township clerk; and within ten days after the receipt of his notice of election, to-wit, May 27, 1921, relator made and executed an official bond to the trustees or board of said township in the sum of one thousand dollars, with sufficient sureties thereon for the faithful discharge of the duties of his office and submitted the same to the board for its approval, which was refused.

The grounds of said refusal were not based on the insufficiency of the bond, but that the board had theretofore declared the office of constable vacant on account of the failure of the relator to qualify as required by law. It appears that the relator, at the time of his election, March 29, 1921, and when the office was declared vacant, was discharging the duties of the office of constable of said township, under the authority of a regular election to said office held two years prior thereto. On the 27th day of May, after the perfecting of relator's appeal from the order of the board, declaring the office of constable vacant and the approval of his bond for a stay pending such appeal, the board proceeded to appoint one Stephens, as constable of the township until the next general election.

Technically considered there is no assignment of errors, such as is required by our procedure. The statute, Section 1511, Revised Statutes 1919, and our Rule 15 distinctly require a specific statement of the errors assigned. This rule is not complied with when such specifications as the following are grouped under the title of an assignment of errors:

"First. The Writ of *Certiorari* issued is void.

"Second. Fatal misdirection of the writ.

"Third. *Certiorari* will not lie.

"Fourth. Relator waived same by asking for reappointment.

"Fifth. Pendency of another suit for same cause of action by relator, against appellants and defendants.

"Sixth. Absence of written notice of election not jurisdictional to the action taken by corporate body.

"Seventh. The judgment of the circuit court is a nullity."

While we have held in the absence of an assignment of errors that the same might be supplied by allegations of error in the "points and authorities," the "brief," which was probably intended to state the points relied on, is nothing more than an abstract of the law contended

by respondents to be applicable to the case and does not supply the absence of an assignment.

However, the importance of a construction of the statutes defining the authority of township boards of trustees, prompts a consideration of this appeal on the merits, notwithstanding the disregard of our rules of procedure.

I.  The construction of this constitutional provision, so far as concerns the character of the office involved, has been comprehensive as well as liberal.  It has been held to apply to a State Board of Equalization (State ex rel. Gardner v. Hall, 282 Mo. 425); to a clerk of a circuit court (State ex rel. Blakemore v. Rombauer, 101 Mo. 499); to members of a school board (State ex rel.Macklin v. Rombauer, 104 Mo. 619); to school directors (State ex inf. Sutton v. Fasse, 189 Mo. 532); to a county collector (Sanders v. Lacks, 142 Mo. 255); to a township trustee and collector (Macrae v. Coles, 183 S. W. (Mo.) 578); to a justice of the peace (Ramsey v. Huck, 267 Mo. 333); to a grain inspector (State ex rel. v. Knott, 207 Mo. 167); to a member of a county highway board (State ex rel. v. Morehead, 256 Mo. 683).  These rulings are determinative of the question of jurisdiction.  So far as the character of the office is concerned, if it is one to which the officer has been elected or appointed under the authority of the law and requires the performance of duties prescribed by law, it is such an office as is meant by the Constitution.  [State ex rel. Zevely v. Hackmann, 300 Mo. 59, 254 S. W. 53; State ex rel. v. Bus, 135 Mo. 331.]

*Jurisdiction.*

More difficulty is encountered in determining whether the act of the township board in ousting the relator is of such a nature as to authorize a proceeding in *certiorari*.  It is necessary to such authority that the act complained of be judicial or *quasi*-judicial in its nature.

*Certiorari.*

In determining, therefore, whether *certiorari* will lie it is the nature of the act, rather than the character of

the office, board or body which performs it, that determines whether a judicial or *semi*-judicial function is performed. [Lansdon v. St. Brd. of Canvassers, 18 Idaho, 596.] It may be said generally that the exercise of judicial functions is to determine what the law and the rights of the parties are in regard to the matter in controversy; and whenever an officer or a board is clothed with authority and undertakes to determine these questions he may be said to act judicially. [State ex rel. v. Dunn, 86 Minn. 301.] To illustrate, a county court is a judicial body for some purposes, but not because it is so designated, nor from the fact that it has a seal and a clerk and keeps a record; but the character of its action in a given case must decide whether such action is judicial, legislative or ministerial or whether it is a mere administrative agent of the county. [In re Saline Co. Subscription, 45 Mo. 52, 100 Am. Dec. 337; State ex rel. Powell v. Shocklee, 237 Mo. 460.]

The legality of the removal of one from a public office by a board, or other authority clothed with that power, we have held to possess the characteristics of a judicial act and hence subject to review in *certiorari*. [State ex rel. Manion v. Dawson, 284 Mo. 491; State ex rel. Flowers v. Morehead, 256 Mo. 683; State ex rel. Tedford v. Knott, 207 Mo. 167.] The action of the township board in the instant case, as disclosed by the record proper, which is the limit of our inquiry (State ex rel. McCune v. Carter, 279 Mo. 304; State ex rel. Summerson v. Goodrich, 257 Mo. 40; Schl. Dist. Webster Co. v. Yates, 161 Mo. App. 107.; State ex rel. Gloyd v. Gilbert, 164 Mo. App. 139), shows that such act is at least *quasi*-judicial. Being of this nature our jurisdiction is determined.

II. The regularity of the issuance of the writ is challenged on the ground that it was issued by the clerk rather than the court. While the language of the writ seems to indicate its issuance as contended, it is made returnable to the court. That the application for the

**Issued by Clerk.** writ was made to the court is not only evident from the allegations of the petition, but from the writ itself. Although the issuance may have been irregular, its adoption or recognition by the court and the parties throughout the entire proceeding constituted a waiver of such irregularity. [Caledonian Co. v. Hoosick Falls, 7 Wend. (N. Y.) 508; Mitchell v. Simmons, 58 Ga. 166.] At best, this contention, technical in character, is an afterthought. It was not insisted upon before or raised by the pleadings or argument of counsel during the trial of the case in the Circuit Court of Cape Girardeau County, the record of which we consider. As indicative of the waiver of the respondents upon the overruling of their demurrer in the Circuit Court of Dunklin County, they filed their return, which constituted a general appearance to the action on the merits and waived any defects in the issuance of the writ.

III. It is with the regularity of the action of the township board, as affecting its jurisdiction, that is of material consideration in this proceeding. It is conceded that the relator was regularly elected. One of the **Notice.** affirmative requirements of the statute (Sec. 13190, R. S. 1919) is that one elected to a township office shall be notified of such election. The language of the section as applicable to all township officers is as follows:

"Before he enters on the duties of his office and within ten days after he shall be notified of his election or appointment, shall take and subscribe, before some justice of the peace, such oath or affirmation as is prescribed by law."

The provision as to notice is given more emphatic effect concerning the office of constable in the following language:

"Every person chosen or appointed to the office of constable, before he enters upon the duties of his office, and within ten days after he shall be notified of his

election or appointment, shall take and subscribe before some justice of the peace of said township the oath of office prescribed by law, and shall execute, with two or more sureties, an official bond, payable to the township trustee, and to be approved by the township board, which bond shall be conditioned for the faithful discharge of all his official duties." [Sec. 13193, R. S. 1919.]

Notice in compliance with these statutes means personal service. When a statute requires notice without prescribing the method, personal service is meant. [Williams v. Dittenhoefer, 188 Mo. 134; Mueller Furnace Co. v. Dreibelbis, 229 S. W. (Mo. App.) 240.] It is further held that where a statute requires notice it is implied that the same must be in writing. [Miller v. Prough, 203 Mo. App. 413.] If not so construed a court or board would have no record of same. Without a record, which is a necessary consequence of a service in writing, doubt is engendered and difficulty arises as to whether notice has been given. That it was not given in the instant case, as is contemplated by the statute, is not only alleged by the relator, but is virtually conceded by the respondents in contending that other than a written notice was a sufficient compliance with the statute.

In view of this concession the supplemental, and somewhat contradictory contention made by the respondents, that the law will presume that the clerk gave the relator the required notice, is of no avail. The concession of a lack of notice nullifies any presumption as to its having been given; or as was tersely said by LAMM, J., "in the face of facts presumptions flee."

The delay in giving the notice to the relator is chargeable to the clerk. When the notice was given the relator proceeded promptly, as required by the statute, to qualify for the discharge of the duties of the office. That he was prevented from so doing is due to the mistaken conception of power on the part of the members of the township board in declaring the office vacant and in naming another than the relator to discharge the duties of the office. If such notice had been given to the

relator as the statute requires, and he had been remiss, as contended by the respondents, in qualifying, some basis would exist for the defense made by them in their return. The law and the facts, however, constrain us to rule otherwise.

IV. It is further contended that the judgment of the trial court should not be affirmed because there is another cause of action now pending and undetermined in the courts of this State between the parties hereto.

Cause Pending.

What are the facts? A recapitulation of same will aid in determining whether there is merit in this contention. The other case referred to was in the nature of an appeal by relator to the Circuit Court of Dunklin County from a judgment of the township board, declaring the office of constable vacant. After this appeal had been perfected and a bond to stay further proceedings had been filed with and approved by the township board, it proceeded, notwithstanding said appeal and the stay of further proceeding, which was effected by relator's bond, to utterly disregard the same and to appoint another to the office of constable for the remainder of the term to which the relator claimed he was entitled. This action was wholly unauthorized and except resort to the writ here prayed for relator is remediless. Whether there existed the right of appeal in the other case referred to is not a matter for our determination here. If the right existed the board has, by its action subsequent to the appeal and the approval of the relator's bond, rendered nugatory any relief that might be rendered in a final determination of the case. If the appeal was unauthorized there can exist no reason why *certiorari* should not be held to be the appropriate proceeding, if, as we have held, the action of the board was *quasi*-judicial and there existed no other adequate remedy. In this State the rule is well established, not only that the writ will lie where there is a total want of jurisdiction, but also where there is evident, as at bar,

an attempt to exercise unauthorized powers. [State ex rel. v. Reynolds, 190 Mo. l. c. 588; State ex rel. v. Ross, 177 Mo. App. l. c. 228 and cases; State ex rel. Scott v. Smith, 176 Mo. 90; State ex rel. v. Johnson, 138 Mo. App. l. c. 313 and cases; State ex rel. v. Lichta, 130 Mo. App. l. c. 291 and cases.]

V.  Relative to the contention that there is a defect in the parties who are named as respondents, it is enough to say that while in ordinary actions a body corporate is a proper party defendant, when its actions are questioned, in a proceeding of this character, the action is

Parties.

not primarily against the township as such, nor really is it against the individuals constituting the board, but against them as members of the board, that their action as such may be affirmed or quashed. It is immaterial, therefore, in determining the legality of their action in this case, whether the strict rules of pleading have been followed. As members of the board they are brought to book, as such they have answered, and they will not be heard now as an afterthought to question the regularity of the proceeding. [State ex rel. Powell v. Schocklee, 237 Mo. 460.]·

No error justifying a reversal appears in this record. The action of the members of the township board was unauthorized, being beyond their jurisdiction, and the judgment of the trial court is therefore affirmed. All concur.