**STATE of Missouri, ex rel. Howard F. DONALD, Jr., et al., Respondents.**

v.

**Judge Marvin L. LEONARD, etc., et al., Defendants,**

**Judge Marvin L. Leonard, Presiding Judge of the County Court and Building Commissioner et al., Defendants-Appellants.**

No. 34422.

Missouri Court of Appeals, St. Louis District.

April 25, 1972.

Brunson Hollingsworth, Hillsboro, for defendant Burgess.

Sestric, Sestric, Sweet & McGhee, St. Louis, for defendant Young.

Dearing, Richeson, Roberts & Wegmann, G. William Weier, Hillsboro, for relators-respondents.

ORIGINAL PROCEEDING IN QUO WARRANTO

PER CURIAM.

This case is in Quo Warranto. Respondents petitioned the Circuit Court to oust appellants from the Office of Building Commission of Jefferson County, Missouri. The Court held that the order of the County Court appointing the appellants be set aside. An appeal was taken to this Court.

■ The Supreme Court has exclusive appellate jurisdiction in all cases involving "the title to any office under this state." Art. 5, Sec. 3, Const. of 1945 Mo.R.S.A.[1]

■ The character of such an office was clearly defined in State ex rel. Davidson v. Caldwell, 310 Mo. 397, 276 S.W. 631 as one to which the officer has been elected or appointed under authority of law and requires performance of duties prescribed by law, l. c. 633.

The members of the Building Commission were appointed by the County Court of Jefferson County pursuant to Sec. 64.-180(1).[2] The duties of said Commission are set out in Sec. 64.180(2). The scope of authority of the Commission is defined in Sec. 64.190. These sections apply to Jefferson County, which is classified as a second class county. Sec. 64.205.

Therefore, since the Office of Building Commission is specifically authorized by the laws of this state and clearly comes within the purview of the definition set out in State ex rel. Davidson v. Caldwell, supra, this action involves title to an office under this state. Thus the Supreme Court has exclusive appellate jurisdiction of this appeal.

■ Accordingly, it is beyond our province to consider respondents' motion to dismiss the appeal, for we have no authority

1. Constitutional Amendment No. 7, approved August 4, 1970 and effective January 1, 1972 which changed the jurisdiction of the Supreme Court made no change in its jurisdiction regarding "the title to any office under this state."

2. All statutory references are to RSMo 1969, V.A.M.S.

to dispose of it except by transfer to the Supreme Court. Art. 5, Sec. 3, Const. of 1945, Mo.R.S.A.; Starr v. Mitchell, Mo. App., 231 S.W.2d 299.

This cause is hereby transferred to the Supreme Court. All concur.