STATE of Missouri, Respondent,

v.

Patsy OLVERA, Appellant.

No. 80404.

Supreme Court of Missouri,
En Banc.

May 26, 1998.

Farrell D. Hockemeier, Richmond, for Appellee.

Tim M. Finnical, Liberty, Vicki Thomas, Kansas City, for Respondent.

PER CURIAM.

█ Patsy Olvera is the recorder of deeds of Lafayette County, Missouri. A petition in the nature of quo warranto was filed seeking her ouster from office. The trial court found that there was no genuine issue of material fact and entered summary judgment that Olvera had forfeited her right to hold the office of recorder of deeds. Olvera appeals to this Court contending that the case involves the title to any state office. Finding that the county recorder of deeds is not a state office for purposes of article V, section 3 of the state constitution, the case is ordered transferred to the Court of Appeals, Western District. *Mo. Const. art. V, sec. 11.*

█ This Court is a court of limited appellate jurisdiction. *Mo. Const. art. V, sections 3 and 10* ; *Kuyper v. Stone County Commission*, 838 S.W.2d 436, 437 (Mo. banc 1992). In each case this Court must determine its jurisdiction before reaching the merits of an appeal. *Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907 (Mo. banc 1997). The constitution limits our "exclusive appellate jurisdiction" to the kinds of cases set out in article V, section 3; among the cases that fall within that jurisdiction are those involving "the title to any state office." *Mo. Const. art. V, section 3.*

In the 1945 state constitution, this Court had exclusive appellate jurisdiction in all cases involving "the title to any office under this state" and "in all civil cases where ... any state officer as such is a party." *Mo. Const. art. V, sec. 3* (1945). By amendment effective January 1, 1972, this Court's exclusive appellate jurisdiction included cases involving "the title to any office under this state" but not cases where a state officer as such was a party. *Mo. Const. art. V, sec. 3* (1972). The Court's current jurisdiction, effective January 2, 1979, includes cases involving "the title to any state office." *Mo. Const. art. V, sec. 3* (1979).

This evolution clearly indicates that this Court's jurisdiction is now governed by

whether the office in question is a "state office." This is a significantly narrower inquiry than whether the office in question is "an office under this state." The distinction is illustrated by the cases construing the language contained in the constitutional provisions pre-dating the current provisions.

As noted in *State ex rel. Davidson v. Caldwell*, 310 Mo. 397, 276 S.W. 631 (1925), the construction of the constitutional provision relating to "title to an office under this state" "has been comprehensive as well as liberal."

> If the office is one to which the officer has been elected or appointed under the authority of the law and requires the performance of duties prescribed by law, it is such an office as is meant by the Constitution.

*Id.* at 633.

In contrast, a person was not a "state officer" for purposes of this Court's appellate jurisdiction where his or her official duties and functions were not co-extensive with the boundaries of the state. *State ex rel. Holmes v. Dillon*, 90 Mo. 229, 2 S.W. 417 (1886)(holding a sheriff is not a state officer). Further, as noted in *State ex rel. Webb v. Pigg*, 363 Mo. 133, 249 S.W.2d 435 (1935), the official in question:

> must have been delegated a portion of the sovereign power of government to be exercised for the benefit of the public and such delegation of sovereign power must be "substantial and independently exercised with some continuity and without control of a superior power other than the law."

*Id.* at 437 (citations omitted). See also, *Young v. Brassfield*, 223 S.W.2d 491 (Mo. 1949) (noting that members of the county court, a county treasurer, and a county superintendent of schools have been held not to be state officers and holding that a county clerk and clerk of the school district are not state officers); *State ex rel. Consol. Sch. Dist. C-4 v. Blackwell*, 254 S.W.2d 243 (Mo. App.1952) (county clerk is not a state officer).

In light of the change to the constitution effected in 1979, the voters chose to limit this Court's jurisdiction to cases involving title to any state office. Those cases construing the term "state officer" as it appeared in the previous versions of the state constitution relating to this Court's jurisdiction are instructive and more accurately reflect the limitation on this Court's jurisdiction intended by the voters. Finding that the official duties and functions of the appellant as county recorder of deeds are not co-extensive with the boundaries of the state, this appeal does not involve title to any state office.[1]

The case is ordered transferred to the Court of Appeals, Western District, where jurisdiction is vested. *Mo. Const. art. V, sec. 11.*

All concur.

---

1. To the extent *State ex inf. Fuchs v. Foote*, 903 S.W.2d 535 (Mo. banc 1995); *State ex inf. Nixon v. Corley*, 896 S.W.2d 931 (Mo. banc 1995); and *State ex inf. Atty. Gen. v. Shull*, 887 S.W.2d 397 (Mo. banc 1994), imply that jurisdiction of an appeal in a quo warranto action is in this Court, contrary to the opinion in this case, they should no longer be followed.