**In the Matter of the Care and Treatment of Albert BERNAT, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. SC 86595.

Supreme Court of Missouri,
En Banc.

July 12, 2005.

Emmett D. Queener, Office of the Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Trevor S. Bossert, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

PER CURIAM.

Albert Bernat raped an eighteen-year-old girl. He pleaded guilty and was sent to prison. He was paroled. His parole was revoked after he allegedly sexually assaulted another woman, although he was acquitted of raping her. He was returned to prison. Prior to his final release, the state sought to commit him to secure confinement as a sexually violent predator. A jury concluded Bernat was a sexually violent predator. Bernat appeals. The case was transferred to this Court by the court of appeals. Because jurisdiction of this appeal is in the court of appeals, the case is retransferred.

In each case this Court must determine its jurisdiction before reaching the merits of an appeal. The state constitution limits this Court's "exclusive appellate jurisdiction" to the kinds of cases set out in article V, section 3. *State v. Olvera,* 969 S.W.2d 715 (Mo. banc 1998). Such jurisdiction includes cases involving the validity of a statute.

In this appeal, Bernat's only issue suggesting that jurisdiction is in this Court is that the state should have been prevented from calling him as a witness or using his right to remain silent against him as this

**718**

violated his constitutional right to equal protection of the law. Bernat was not called as a witness, but the state encouraged the jury to draw an adverse inference from his failure to testify.

Bernat does not raise a direct claim that the pertinent sexually violent predator statutes [1] are invalid. Rather, he notes that section 632.335.2(4), RSMo 2000, gives the right to remain silent to those subject to the general involuntary civil commitment law. He urges this same right be extended to those subject to the sexually violent predator statutes. His constitutional claim is that the court failed to extend this right—not that the statute is invalid for failing to include this right. Such a claim does not involve the validity of a statute.

As this case does not involve the validity of a statute, the court of appeals has jurisdiction of this appeal. The case is retransferred. *Mo. Const. article V, section 11.*

All concur.

---

1. Sections 632.480 to 632.513, RSMo Supp. 2004.