

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| MONTAGUE SIMMONS, et. al., | ) | No. ED103304 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Joseph L. Walsh III |
| ROBERT MCCULLOCH, | ) | |
| | ) | |
| Respondent. | ) | FILED: May 31, 2016 |

Montague Simmons, Redditt Hudson, Juliette Jacobs, and Tara Thompson (collectively, "Appellants") appeal from the trial court's judgment granting St. Louis County Prosecuting Attorney Robert McCulloch's ("Respondent's") Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.  We affirm.

### I.  Background

On January 15, 2015, Appellants all filed similar affidavits alleging Respondent conducted the grand jury investigation in State of Missouri v. Darren Wilson "in an arbitrary manner and in bad faith."  Appellants were dissatisfied with the grand jury returning a "no true bill," leading to no indictment of Officer Wilson.  As Appellants were not present at the grand jury proceedings, the substance of their claims comes from review of the publicly released transcripts and related evidentiary exhibits of the grand jury proceedings.

Appellants wanted the trial court to appoint a special prosecutor to investigate Respondent's conduct during the grand jury proceedings.  If appointed, the special prosecutor would have the

authority to file a writ of *quo warranto* action seeking Respondent's removal from his elected office of St. Louis County Prosecuting Attorney.

Respondent filed his Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted on February 23, 2015. In the interim before a hearing could take place, the United States Department of Justice ("DOJ") issued a report on March 4, 2015, which determined that Officer Wilson had not violated 18 U.S.C. Section 242, a federal civil rights statute, when he shot and killed Michael Brown.

On April 24, 2015, the trial court conducted the first hearing in this case. The trial court then continued the hearing until May 29, 2015, giving the parties time to file supplemental briefs on the issue of whether Respondent was subject to impeachment or recall. On July 2, 2015, the trial court granted Respondent's motion to dismiss, finding Appellants had not alleged facts which constituted a willful or fraudulent violation or neglect of Respondent's official duty, and had not alleged facts which showed Respondent knowingly or willfully failed or refused to perform any official act or duty to execute or enforce the criminal laws of the state. Appellants timely filed their appeal on August 19, 2015.

## II. Discussion

Appellants raise one multifarious point on appeal that alleges the trial court abused its discretion by denying their request for appointment of a special prosecutor, with six sub-points alleging specific examples of the trial court's abuse of discretion. "A single point relied on that groups multiple, disparate claims is multifarious, does not comply with Rule 84.04, and generally preserves nothing for review." Stone v. Stone, 450 S.W.3d 817, 820 (Mo. App. W.D. 2014) (quoting Rouse v. Cuvelier, 363 S.W.3d 406, 419 (Mo. App. W.D. 2012)). While it would be "well within our discretion to dismiss [Appellants'] appeal on this basis[,]" we will exercise our discretion to review Appellants' claims.

2

A.  Standard of Review

"When a petition is dismissed under Rule 55.27(a)(6) for failure to state a claim upon which relief may be granted, the standard of review is *de novo*."  Anderson v. Union Elec. Co., 463 S.W.3d 783, 786 (Mo. banc 2015) (citing Lynch v. Lynch, 260 S.W.3d 834, 836 (Mo. banc 2008)).  This Court reviews Appellants' initial petition to determine whether the facts alleged meet the elements of a recognized cause of action.  Anderson, 463 S.W.3d at 786, citing Foster v. State, 352 S.W.3d 357, 359 (Mo. banc 2011).

> A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition.  It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom.  No attempt is made to weigh any facts alleged as to whether they are credible or persuasive.  Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

State ex rel. Henley v. Bickel, 285 S.W.3d 327, 329 (Mo. banc 2009).  "[W]e may affirm the trial court's dismissal on any ground before the trial court in the motion to dismiss[.]"  Willits v. Peabody Coal Co., LLC, 400 S.W.3d 442, 448 (Mo. App. E.D. 2013).

B.  Analysis

Appellants' sole multifarious point on appeal contains six sub-points, all of which allege different ways in which the trial court abused its discretion when it denied Appellants' request for appointment of a special prosecutor by granting Respondent's motion to dismiss for failure to state a claim.

Appellants' first sub-point alleges the trial court abused its discretion and evinced its confusion in the case by analyzing arguments Appellants never made.  Appellants claim the trial court's discussion of a separate part of the relevant statute than the one upon which Appellants' argument was based shows the trial court so misunderstood the argument before it that it could not have properly exercised its discretion.

3

Appellants' second sub-point alleges the trial court abused its discretion by failing to apply applicable Missouri Supreme Court precedent. Appellants' argue that the trial court's failure to apply precedent and address whether Respondent abused his discretion was an abuse of discretion by the trial court.

Appellants' third sub-point alleges the trial court abused its discretion by relying on an irrelevant report issued by the United States Department of Justice ("DOJ"). Appellants claim the DOJ Report applied different standards than those used by the grand jury, and ultimately had no bearing on Appellants' request for a special prosecutor, and thus should not have been considered by the trial court.

Appellants' fourth sub-point alleges the trial court abused its discretion when it determined Professor Bennett L. Gershman's ("Professor Gershman") affidavit was not persuasive. Appellants claim this affidavit alone suffices to meet Appellants' burden to show that an investigation should commence.

Appellants' fifth sub-point alleges the trial court abused its discretion by refusing to evaluate whether the facts Appellants alleged supported their request for appointment of a special prosecutor. Appellants claim the trial court's judgment simply stated legal conclusions without applying the facts to the relevant law.

Finally, Appellants' sixth sub-point argues that the facts Appellants alleged in their petition suggest Respondent failed to fulfill his duties of office by his conduct during the grand jury proceedings in State v. Darren Wilson. Appellants claim they alleged facts that Respondent acted arbitrarily and acted in bad faith, and that they met the burden required to start an investigation into Respondent's conduct.

As stated above, our standard for reviewing the dismissal of a petition under Rule 55.27(a)(6) for failure to state a claim upon which relief can be granted asks this Court to "review[]" the petition to

4

determine if the facts alleged meet the elements of a recognized cause of action." Anderson, 463 S.W.3d at 786.  However, five of Appellants' six sub-points do not address the content of their petition and whether the facts they allege in the petition meet the elements of a recognized cause of action.  The first five sub-points all argue the trial court analyzed or discussed the wrong things in its judgment dismissing the petition, instead of focusing on the pertinent issue raised in sub-point six of whether Appellants allege sufficient facts whose elements constitute a recognized cause of action.  Further, other than using sub-point two to point out two Missouri Supreme Court cases Appellants believe the trial court ignored in its decision, Appellants cite no relevant case law supporting their arguments.[1] For the sake of clarity, we will address Appellants' sixth sub-point first, as it is the most relevant to our analysis and the most proper basis for this appeal.

*1.  Whether Appellants' Petition Alleges Facts Constituting a Recognized Cause of Action*

Appellants' petition sought the appointment of a special prosecutor, as provided by Section 106.240, RSMo (2000)[2], to investigate Respondent's conduct during the grand jury proceedings in the cause of State v. Darren Wilson.  Section 106.220 provides that any elected official is subject to removal if he:  (1) "fail[s] personally to devote his time to the performance of the duties of such office;" (2) commits "any willful or fraudulent violation or neglect of any official duty;" or, (3) "knowingly or willfully fail[s] or refuse[s] to do or perform any official act or duty which by law it is his duty to do or perform with respect to the execution or enforcement of the criminal laws of the state."  Appellants filed affidavits as provided by Section 106.230, alleging that Respondent had violated duties of his office and should be subject to removal as provided by Section 106.220.  Section 106.240 then provides that after the filing of an affidavit under Section 106.230, "the [trial court] of said county may appoint a special prosecutor" to investigate and potentially file a complaint.

---

[1] Appellants' repeated citation to newspapers and websites in the place of legal authority is troublesome.  "It is an appellant's obligation to cite appropriate and available precedent if [the appellant] expects to prevail."  Rademan v. Al Scheppers Motor Co., 423 S.W.3d 834, 837 (Mo. App. W.D. 2014).

[2] All further statutory references are to RSMo (2000), unless noted otherwise.

Appellants submitted four affidavits under Section 106.230 in their attempt to demonstrate their knowledge that Respondent had violated duties of his office and that a special prosecutor should be appointed to investigate Respondent's conduct. These affidavits take issue with various ways Respondent presented the case to the grand jury,[3] such as his decision to allow Officer Wilson to testify and to put on evidence supporting his justification defense, as well as providing the grand jury with all the evidence rather than just evidence supporting a finding of probable cause. While Appellants may disagree with the methods Respondent used to present the case to the grand jury, none of their claims rise to the level required by the statute. To justify appointment of a special prosecutor, Appellants must show either a "willful or fraudulent violation or neglect of any official duty" or that Respondent "knowingly or willfully fail[ed] or refuse[d] to do or perform any official act or duty which by law it is his duty to do or perform." Section 106.220.

In order to have "willfully neglected" an official duty, Respondent would have had to intentionally fail to act, contrary to a known duty. State ex inf. Fuchs v. Foote, 903 S.W.2d 535, 539 (Mo. banc 1995) (abrogated on other grounds by State v. Olvera, 969 S.W.2d 715 (Mo. banc 1998)). Respondent clearly did not fail to act, intentionally or otherwise, during the grand jury proceedings here. The previously empaneled grand jury was used and two experienced assistant prosecutors presented evidence over the course of four months to the grand jury so they could make an informed decision as to whether probable cause existed to indict Officer Wilson. Appellants allege that the way Respondent conducted the grand jury demonstrates he was acting arbitrarily and in bad faith, and thus he willfully or knowingly failed to perform his official duty.

Appellants' arguments essentially claim that Respondent's exercise of his prosecutorial discretion was arbitrary and in bad faith. Prosecutors, when performing their duties, are authorized "to

---

[3] Respondent did not personally present the case to the grand jury, that task was handled by assistant prosecutors. At oral argument, Appellants contended that Respondent is liable under a *respondeat superior* theory

exercise a sound discretion." State, on Inf. McKittrick v. Wymore, 132 S.W.2d 979, 986 (Mo. banc 1939).

> The duty of a prosecuting officer necessarily requires that he investigate, i.e., inquire into the matter with care and accuracy, that in each case he examine the available evidence, the law and the facts, and the applicability of each to the other; that his duties further require that he intelligently weigh the chances of successful termination of the prosecution, having always in mind the relative importance to the county he serves of the different prosecutions which he might initiate. Such duties of necessity involve a good faith exercise of the sound discretion of the prosecuting attorney. "Discretion" in that sense means power or right conferred by law upon the prosecuting officer of acting officially in such circumstances, and upon each separate case, according to the dictates of his own judgment and conscience uncontrolled by the judgment and conscience of any other person. Such discretion must be exercised in accordance with established principles of law, fairly, wisely, and with skill and reason. **It includes the right to choose a course of action or non-action, chosen not willfully or in bad faith, but chosen with regard to what is right under the circumstances. Discretion denotes the absence of a hard and fast rule or a mandatory procedure regardless of varying circumstances.**

State on inf. McKittrick v. Wallach, 182 S.W.2d 313, 318-19 (Mo. banc 1944) (emphasis added).

As applied here, Respondent was faced with a situation where community interest in the outcome of the grand jury was very high, and his stated purpose in presenting all the evidence to the grand jury was to be as transparent as possible in the proceedings. Appellant may disagree with whether this was the best possible approach for securing an indictment against Officer Wilson, but Respondent properly exercised his discretion and decided that the need for transparency in the proceedings was in the best interest of serving justice. None of Appellants' allegations against Respondent rise to the level of "knowingly or willfully" failing to perform an official duty. Respondent on the contrary performed his duty the best way he saw fit, and the grand jury ultimately decided not to return an indictment. It is not a failure of Respondent's duty as a prosecutor to not secure an indictment in every case. "[U]nder our law, the prosecutor has a 'duty to serve justice, not just win the case.'" State ex rel. Kinder v. McShane, 87 S.W.3d 256, 262 (Mo. banc 2002) (quoting State v. Storey, 901 S.W.2d 886, 901 (Mo. banc 1995)).

7

The facts alleged by Appellants do not rise to the level to meet the elements required for a finding that Respondent either willfully or fraudulently violated or neglected an official duty, nor that he knowingly or willfully failed or refused to perform an official duty. Further, even if we had found more compelling evidence that Respondent had violated some official duty, the statute provides that the trial court "may" appoint a special prosecutor. Section 106.240. While we hold that Respondent properly exercised his prosecutorial discretion, we further hold that the trial court was well within its discretion in deciding not to appoint a special prosecutor. Appellants' sixth sub-point on appeal is denied.

## 2. *Appellants' Other Arguments Regarding the Trial Court's Decision*

As previously stated, the proper issue for our review is whether "the facts alleged [in the petition] meet the elements of a recognized cause of action." Anderson, 463 S.W.3d at 786. Having already determined Appellants failed to allege facts which amounted to the elements of a recognized cause of action, we will now quickly address Appellants' other extraneous arguments relating to the process by which the trial court reached its decision.

Appellants allege the trial court "evinced its confusion" by analyzing an argument Appellants never made. Essentially, Appellants argue that because the trial court focused some of its analysis on the second possible violation provided by Section 106.220 ("willful or fraudulent violation or neglect of any official duty"), instead of the third possible violation ("knowingly or willfully fail or refuse to do or perform any official act or duty"), upon which the Appellants focused their arguments. Section 106.220.

This argument is without merit. First, Appellants cite no legal authority for the proposition that the trial court is somehow deemed to be "confused" because it discusses a portion of the relevant statute upon which Appellants chose not to focus. The trial court went through both sections of the relevant statute in an attempt to be thorough in its analysis. The

8

trial court discussed Section 106.220 in great detail, going section by section and applying the law to the facts of the case. The fact that Appellants had chosen to focus on only one section of the statute does not preclude the trial court from analyzing and applying the entire relevant statute to the case at hand. Appellants' first sub-point is denied.

Appellants' second sub-point alleges the trial court failed to apply applicable Missouri Supreme Court precedent in reaching its decision, specifically the cases State on inf. McKittrick v. Wallach, 182 S.W.2d 313 (Mo. banc 1944), and State, on Inf. McKittrick v. Wymore, 132 S.W.2d 979 (Mo. banc 1939).

Appellants' argument confounds this Court, as the trial court explicitly cites to both of those cases in its judgment. The trial court clearly applied the relevant law from those cases in its decision. Appellants' second sub-point on appeal is denied.

Appellants' third sub-point alleges the trial court abused its discretion by relying on an irrelevant DOJ report. First, while the trial court did cite to the DOJ report in its judgment, this citation was a part of a much larger discussion which went through the relevant statutory law, the relevant case law, and how the law applied to the facts of the case. It is an unfair and inaccurate representation to say the trial court "relied upon" the DOJ report in making its decision. Second, as Respondent points out, Appellants brought up the DOJ report in their Supplemental Memorandum of Law in Support of Their Request for Appointment of a Special Prosecutor. The report can hardly be characterized as "irrelevant" when Appellants brought it to the attention of the court, albeit to argue that it should not be a dispositive issue in the case. As Appellants discussed the DOJ report in their submissions to the trial court, and as the trial court did not solely rely upon the DOJ report in reaching its decision, Appellants' third sub-point is denied.

9

In Appellants' fourth sub-point, they allege the trial court abused its discretion in determining that Professor Gershman's affidavit was not persuasive. Appellants claim that Professor Gershman is the acknowledged authoritative expert on prosecutorial misconduct, and thus his affidavit alone suffices to meet Appellants' burden.

On its face this argument is without merit. First, no one expert's affidavit alone is prima facie evidence sufficient to meet Appellants' burden of showing Respondent violated some prosecutorial duty. Further, "[u]ncontradicted expert testimony is not binding upon the trier of fact. The weight to be given such testimony is for the trier of fact." Halliday v. Boland, 813 S.W.2d 34, 37 (Mo. App. E.D. 1991) (internal citation omitted). The trial court analyzed Professor Gershman's affidavit, noted that his conclusions were not supported by citations to any standard, rule, statute or case law recognized in Missouri. Further, the trial court found that even if Professor Gershman's declarations were somehow authoritative on the issue, they still did not rise to the level of a knowing or willful failure or refusal to perform an official act or duty or a willful or fraudulent violation or neglect of an official duty. The trial court properly exercised its discretion and gave Professor Gershman's affidavit the weight it felt was deserved. Appellants' fourth sub-point on appeal is denied.

Finally, Appellants' fifth sub-point on appeal alleges the trial court abused its discretion by refusing to evaluate whether the facts Appellants alleged supported their request for a special prosecutor's appointment. Again, Appellants' argument confounds us, as this is exactly what the trial court did in its judgment. The trial court discusses Appellants' allegations that Respondent presented more information than Appellants deemed necessary to the grand jury, and applied the applicable law to the facts alleged by Appellants. Once again, Appellants' argument is without merit. Appellants' fifth sub-point on appeal is denied.

10

### III. Conclusion

The judgment of the trial court is affirmed.

_____

ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., concurs.
Mary K. Hoff, J., concurs.

11