

# Missouri Court of Appeals

## Southern District

### Division Two

MARY FELDMANN  )
and TIM FELDMANN, husband and wife,  )
  )
      Plaintiffs/Respondents,  )
  )
    vs.  )     No. SD33981
  )     Filed:  April 20, 2016
BRIAN K. ELLEFSEN, D.O.,  )
and SOUTHWEST MISSOURI BONE  )
AND JOINT, INC.,  )
  )
      Defendants/Appellants.  )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David C. Dally, Circuit Judge

### **AFFIRMED**

Brian Ellefsen, D.O. ("Ellefsen"), and Southwest Missouri Bone and Joint, Inc. (collectively "defendants"), appeal the judgment of the trial court denying their motion to set aside a default judgment.  In two points on appeal, defendants contend the trial court erred in denying their motion to set aside the default judgment as the motion was in compliance with Rule 74.05(d),[1] and the trial court lacked jurisdiction to enter the default judgment because service of process on defendants was defective.  Finding no merit in their position, we affirm the judgment of the trial court.

---

[1] All rule references are to Missouri Court Rules (2016).

## Factual and Procedural History

On March 18, 2010, Mary Feldmann and Tim Feldmann (collectively the "Feldmanns") filed a medical negligence claim against defendants.[2] The summons and petition were returned *non est*[3] by the Jasper County Sheriff on April 20, 2010.

On June 1, 2010, the Feldmanns filed a "First Amended Petition." Clayton Campbell ("Campbell") was appointed as a special process server on June 2, 2010. Campbell thereafter filed a return of service reciting that he served Ellefsen at the Springfield federal courthouse on June 2, 2010, at 12:55 p.m.

The Feldmanns filed a motion for default judgment against defendants on July 23, 2010, which was granted and entered by the court on August 31, 2012.

On August 14, 2013, defendants filed a "Motion to Set Aside Default Judgment." Attached to the motion was the affidavit of Ellefsen. Therein, Ellefsen attested that he did not receive service personally or as the registered agent for the Southwest Missouri Bone and Joint, Inc., and that he had a meritorious defense in that he did not breach any standard of care in his treatment of Mary Feldmann.

On December 13, 2013, the trial court conducted a hearing on defendants' motion to set aside default judgment. Defendants' counsel argued that the judgment should be set aside because defendants were not served, and because Ellefsen had a meritorious defense as attested in his affidavit. At the same hearing, Campbell testified that on June 2, 2010, he personally served Ellefsen at the federal courthouse in Springfield. No other witnesses testified.

---

[2] The Feldmann's original petition also included several other parties as defendants who were later dismissed from the suit and are not parties to this appeal.

[3] "*Non est*" is shorthand for "*non est inventus*," which is "the return of a sheriff on a writ when the defendant or person to be served or arrested is not found in his jurisdiction." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1536 (1976).

At the conclusion of the hearing, the trial court took the matter under advisement. On February 20, 2014, the trial court issued an Order denying defendants' motion to set aside the default judgment. The trial court found Campbell's testimony credible, and that defendants were properly served on June 2, 2010. The trial court concluded there was no just cause for defendants' failure to file an answer to the petition, and that defendants had not met the requirements for setting aside a default judgment pursuant to Rule 74.05(d).

On March 26, 2014, Ellefsen filed a notice of appeal, but that appeal was dismissed on June 23, 2014, because there was no final appealable judgment.

Defendants filed a motion to reconsider the motion to set aside default judgment on December 17, 2014, which the trial court took up on April 29, 2015. At the hearing, Ellefson testified to the information contained in his affidavit originally filed in support of defendants' motion to set aside the default judgment.

On May 11, 2015, the trial court denied the motion to reconsider, concluding that defendants were served with process but failed to file an answer, there was no just cause for such failure, and that defendants did not meet the Rule 74.05(d) requirements for setting aside a default judgment.

Defendants present two points on appeal. First, defendants contend the trial court erred in denying the motion to set aside default judgment because the motion was timely filed, there was good cause for their failure to respond, and there was a meritorious defense. In the second point, defendants contend the trial court erred because it lacked jurisdiction to enter a default judgment because the special process server failed to file an affidavit in compliance with Rule 54.20(a)(2).

The issues for our consideration are:

1.    Whether the trial court erred in failing to set aside the default judgment because defendants met the requirements of Rule 74.05(d); and

2.    Whether the trial court lacked jurisdiction to enter a default judgment because the special process server failed to file an affidavit in conformance with Rule 54.20(a)(2).

## Standard of Review

We review a trial court's denial of a motion to set aside a default judgment for abuse of discretion. **Brungard v. Risky's**, **Inc.**, 240 S.W.3d 685, 687 (Mo. banc 2007). A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before it and is so unreasonable and arbitrary that it shocks our sense of justice and indicates a lack of careful, deliberate consideration. **O'Neil v. O'Neil**, 460 S.W.3d 51, 55 (Mo.App. E.D. 2015).

## Analysis

### *Point I:  Good Cause*

Rule 74.05(d), which provides the criteria by which a default judgment may be set aside, provides in relevant part:

> Upon motion stating facts constituting a meritorious defense and for good case shown, an interlocutory order of default or a default judgment may be set aside.

> The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment.

> 'Good cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

No issue is presented as to the timeliness of defendants' motion because it was filed within a year after the default judgment.

"The party moving to set aside the default judgment has the burden to prove good cause for setting aside the judgment." **Brungard**, 240 S.W.3d at 688.

4

Defendants focus on the "good cause" element of the rule. Defendants argue that because there was no proof that they intentionally or recklessly designed to impede the judicial process, good cause is established.

Defendants' argument incorrectly presumes the trial court was required to believe that defendants did not receive service of process. To the contrary—the trial court here found that defendants *did* receive service of process. Similar facts were presented in ***Morris v. Wallach***, 440 S.W.3d 571 (Mo.App. E.D. 2014), where the trial court rejected defendant's testimony that service of process was not received:

> The only evidence that Defendant presented to impeach the proof of service was his stipulated testimony and affidavit, in which he denied receiving service of process. The trial court was entitled to disbelieve Defendant's testimony and affidavit.

*Id.* at 578. Special process server Campbell testified that he served Ellefsen. The trial court could and did believe that testimony, and we may not disturb that finding on appeal. The trial court did not abuse its discretion in rejecting defendants' motion to set aside default judgment. Point I is denied.

### *Point Two: Personal Jurisdiction*

In defendants' second point, they contend the trial court lacked personal jurisdiction because Campbell did not file an affidavit in compliance with Rule 54.20(a)(2).

While defendants characterize their claim as challenging the trial court's "jurisdiction" to enter the default judgment, it does not. In accordance with the precepts announced in ***J.C.W. ex rel. Webb v. Wyciskalla***, 275 S.W.3d 249, 253-54 (2009), the trial court had both constitution-based subject matter jurisdiction and personal jurisdiction to hear and enter a judgment in this case. Any failure to comply with Rule 54.20(a)(2), as alleged by defendants, did not deprive the trial court of that jurisdiction. *Id.* Rather, defendants' rule-based claim of error had to first be

5

raised in the trial court in order to preserve it for appellate review. ***Stiens v. Stiens***, 231 S.W.3d 195, 199 (Mo.App. W.D. 2007). Defendants did not raise this claim in the trial court and therefore failed to preserve it for appellate review. Point II is denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – CONCURS

GARY W. LYNCH, J. – CONCURS