WILLIAM W. FRANCIS, JR., J.
Rani Abston ("Abston") appeals the judgment of the trial court, in which the trial court denied Abston's "Motion to Set Aside or Vacate Default Judgment." In three points, Abston asserts the trial court erred in overruling her motion because it erroneously found the judgment was not void for being entered without due process, and that it abused its discretion in denying Abston's motion to set aside the default judgment. Finding no merit to any of these points, we affirm the judgment of the trial court.
Facts and Procedural Background[1]
Abston entered into a "Residential Lease" with Bramer for the premises located at 15875 Springhill Drive, Rolla, Missouri ("the premises"). The term of the lease was from September 7, 2013 to September 7, 2014, and Abston was to pay Bramer rent in the amount of $1,400 per month for the premises.
On December 9, 2013, Bramer filed a petition for rent and possession in the Associate Division of the Circuit Court of Phelps County, Case No. 13PH-CV01874. Abston filed a counterclaim for monies she alleged were owed to her by Bramer. On December 27, 2013, after a hearing,[2] the trial court entered judgment in favor of Bramer and against Abston in the amount of $492.
On February 10, 2014, Bramer filed a "Petition by Landlord for Unpaid Rent and Possession," with the Associate Division of the Circuit Court of Phelps County, *875 Case No. 14PH-CV00227, seeking possession of the premises, and damages for unpaid rent and late fees from January 1, 2014 through February 4, 2014, in the amount of $2,965. A hearing was scheduled for March 3, 2014.
On February 28, 2014, an attorney entered an appearance on behalf of Abston, and requested a continuance of the March 3, 2014 hearing. The hearing was rescheduled for March 17, 2014.
On March 13, 2014, Abston filed a motion to pay rent into the court; a motion for leave to file answer, affirmative defenses and counterclaim; and a notice calling these motions up for hearing on March 17, 2014.
On March 17, 2014, a hearing was held on Abston's motion to pay rent into court. Both parties appeared in person and by counsel. The trial court sustained Abston's motion.
Abston was also granted leave to file an answer to Bramer's petition, including affirmative defenses that: (1) Bramer breached the implied warranty of habitability of the property; (2) the petition failed to state a cause of action upon which relief may be granted, and (3) Bramer provided insufficient and improper notice of termination of Abston's lease, pursuant to section 441.060.[3]
Abston also filed a counterclaim for breach of implied warranty of habitability for Bramer's failure to address defects of the leased premises. Bramer thereafter filed a reply to Abston's counterclaim. On April 9, 2014, Bramer filed a motion to strike Abston's affirmative defenses and counterclaim relating to Count II.[4] Thereafter, Abston filed a response to Bramer's motion to strike.
Trial was held on April 17, 2014, with both parties appearing in person and by their attorneys. Evidence was heard and the case was taken under advisement. On May 23, 2014, judgment was entered in favor of Bramer in the total amount of $11,677.36, and Bramer was awarded possession of the premises.
On May 30, 2014, Abston filed an application for trial de novo and the matter was transferred to the Phelps County Circuit Court, Case No. 14PH-CV00227-01.
On January 20, 2015, Bramer filed a motion to amend his petition. The next day, Abston's counsel filed a motion to withdraw as attorney.
A motion hearing was held on January 23, 2015, and the trial court sustained Abston's counsel's motion to withdraw. The trial court also sustained Bramer's motion to amend his pleadings. Bramer then filed his "First Amended and Supplemental Petition." Trial was reset for March 6, 2015.
On February 2, 2015, a new attorney entered an appearance on behalf of Abston. On February 21, 2015, Abston filed a motion to strike those counts in Bramer's first amended petition not tried in the Associate Circuit Court. Bramer filed a response to the motion to strike, and Abston filed suggestions in opposition to Bramer's response.
Trial was held on March 6, 2015, with both parties and their attorneys present. Bramer testified, and before cross-examination of Bramer commenced, Abston's counsel moved to strike and/or dismiss Bramer's unlawful detainer counts for failure to file a verified petition. The trial court recessed the case and gave counsel an opportunity to submit briefing to the court. The parties submitted briefs and the *876 trial court overruled Abston's motion to strike.
On March 10, 2015, Bramer filed a motion for leave to file a second amended petition, and a memorandum of law in support of the motion. On March 16, 2015, Bramer filed a motion for leave to file a first amended answer and affirmative defense to Abston's counterclaim.
On March 17, 2015, Abston filed a motion to reconsider her motion to strike, requested findings of fact and conclusions of law, and also filed suggestions in opposition to Bramer's motion for leave to file second amended petition.
On March 19, 2015, a conference call was held between the parties and the trial court regarding Abston's motion to reconsider and suggestions in opposition. There is nothing in the record as to the trial court's ruling on these matters.
On May 12, 2015, the trial court granted Abston's second attorney leave to withdraw.
On June 15, 2015, Bramer filed a verified second amended petition. Thereafter, the trial court set the conclusion of the trial de novo for September 2, 2015.
On September 1, 2015, Bramer filed three motions: (1) "Motion that [Abston] Not Having Answered [Bramer]'s Second Amended and Supplemental Petition that all Allegations Set Forth in [Bramer]'s Second Amended and Supplemental Petition be Deemed Admitted and [Abston] not be Allowed to Submit Contrary Evidence," (2) "Motion that Counterclaim and any Equitable Defense not be Considered in a Decision of this Court on the Unlawful Detainer Count," and (3) "Motion that [Bramer] be Allowed to Amend to State the New Amount of Damages as to Date."
On September 2, 2015, the conclusion of the trial de novo was held. Bramer appeared in person and with his attorney, and Abston appeared acting pro se. Prior to the beginning of trial, Abston was personally served with Bramer's three motions. After hearing argument, the trial court sustained the motions. Bramer, upon request by the trial court, advised the trial court that total relief was to find Abston in default for failing to file an answer to the second amended petition, that all the allegations in the second amended petition be admitted, and that Abston be limited to contesting damages. The trial court granted that request for relief in Bramer's case in chief. Abston did not request to file an answer and affirmative defenses out of time.
The trial court heard Bramer's evidence as to damages, including designations from Abston's deposition of her admissions against interest. When Abston was given the opportunity to present evidence, she declined.
On September 25, 2015,[5] the trial court entered judgment against Abston. The trial court found that Bramer had "submitted all necessary evidence to make a submissible case on all necessary elements to receive the actions pleaded and the relief sought in counts I, II, and III of his Second Amended and Supplemental Petition[,]" and that "[a]ll issues are determined in favor of [Bramer] and against [Abston]."
On October 5, 2015, Abston filed a Notice of Appeal from the September 25, 2015 judgment.
On February 2, 2016, this Court dismissed Abston's appeal for "fail[ure] to take further steps to secure appellate review within the period of time allowed and *877 that good cause has not been shown why this appeal should not be dismissed."
On February 9, 2016, the trial court issued an order that due to the dismissal of Abston's appeal, all monies held in the court's registry were to be released to Bramer. This amount included monies held under the trial de novo , Case No. 14PH-CV00227-01, including the posted bond for the trial de novo on Case No. 14PH-CV00227; and the sum of $7,000 held by the clerk, pursuant to agreement of the parties in Case No. 14PH-CV00227. The total amount held in the court's registry was $57,136.92; the total amount of judgment as of February 2, 2016, was $65,871.93, including interest. The trial court also issued a writ of execution ordering Abston to quit possession of the premises if Abston had not made restitution.
On March 1, 2016, (at Abston's request, after she promised to "order the record as soon as the action is reinstated"), this Court recalled the mandate and reinstated Abston's appeal. On March 8, 2016, this Court filed an order denying Bramer's motions challenging this Court's authority to recall mandate and to set aside the March 1, 2016 order. This Court also granted leave to the trial court to consider any applications to execute on the judgment or to set bond.
On April 26, 2016, this Court again dismissed Abston's appeal for failure to secure appellate review and, on May 12, again issued mandate.[6]
On May 17, 2016, a Writ of Execution was issued by the trial court ordering Abston to quit possession of the premises. On May 27, 2016, the writ was executed.
On September 26, 2016, Abston filed in the trial court a "Motion to Set Aside or Vacate Default Judgment," of the September 25, 2015 judgment, pursuant to Rule 75.05(d) and Rule 75.01. Abston argued that the judgment should be set aside because: (1) the trial court lacked legal authority to enter the judgment in that Missouri law did not require Abston to file an answer to an amended petition where an original answer on file raised the issues; (2) the trial court lacked legal authority to enter the judgment in that Missouri law *878 did allow for the addition and supplementation of said counts in a trial de novo ; (3) Abston, acting pro se at the time, mistakenly and negligently failed to realize she needed to file an answer; (4) the trial court lacked subject matter jurisdiction over Bramer's unlawful detainer claims; and (5) the trial court entered the judgment in a manner inconsistent with due process of law in that the trial court unlawfully barred Abston from presenting any evidence at trial, did not consider Abston's properly raised affirmative defenses, entered default judgment against Bramer in a trial de novo on claims not considered in the original trial court, and deprived Abston of approximately $64,000 without ever considering her evidence.
Bramer filed a response to the motion stating, in relevant part, that a part of Abston's allegations were a matter of trial court error subject to a direct appeal and that while Abston did file an appeal, it was dismissed for her own failure to perfect the appeal. Bramer also stated that while Abston's motion was timely, execution had already occurred and any monies held in the court's registry had already been disbursed. Both parties filed sur replies.
A hearing was held on March 6, 2017. Both parties were present with their attorneys. The trial court heard evidence, including the testimony of Abston. On June 12, 2017, the trial court entered judgment, denying Abston's motion, making specific findings. The trial court found, in relevant part, that Abston failed to state and present facts supporting "good cause" to support setting aside the judgment; failed to state and present facts supporting "meritorious defenses" to support setting aside the judgment; failed to state and present facts to support relief under Rule 74.06; did not present argument that Bramer failed to state a cause of action upon which relief could be granted; and failed to carry her burden of proof to establish that the judgment should be set aside or vacated. This appeal followed.
In three points on appeal, Abston asserts:
POINT I-The trial court erred by overruling Appellant's Motion to Set Aside Judgment, because it erroneously found the judgment sought to be set aside is not void for being entered without due process, in that it ignored evidence the judgment was entered summarily on the morning of trial without proper notice and proper procedure prescribed by the Missouri Rules of Civil Procedure and the judgment held Appellant in default when she was not in default.
POINT II-The trial court erred by overruling Appellant's Motion to Set Aside Judgment, because it erroneously misapplied the law of default judgments, in that the court improperly required Respondent to present evidence of a meritorious defense and good cause despite evidence that Respondent filed a timely answer and otherwise defended against the underlying action.
POINT III-The trial court erred by denying Appellant's Motion to Set Aside Judgement [sic], because it abused its discretion in finding Appellant did not present evidence entitling her to such relief, in that it ignored Appellant's evidence of meritorious defenses and good cause to set aside the contested judgment and applied an incorrect burden of proof to Appellant's Motion.
*879 Analysis[7]
Abston's Briefing Deficiencies
"Finality of judgments is favored...." Bate v. Greenwich Insurance Company , 464 S.W.3d 515, 517 (Mo. banc 2015). The principles governing appellate review are consistent with this policy interest: (1) we presume the challenged judgment is correct;[8] (2) we presume the trial court knows and applies the law;[9] (3) we will affirm the outcome on any basis supported by the record;[10] and (4) it is an appellant's burden to dislodge us from the presumption that the outcome below was correct.[11]
To satisfy this burden, and overcome the judicial preference for "finality of judgments," an appellant must comply with the rules of appellate procedure. Abston's brief fails to do so. We note only the most serious violations in her brief:
• Preservation Status : Rule 84.04(e) mandates that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review [based on preservation status.]" Abston directs us to purportedly applicable standards of review, but makes no effort at demonstrating the preservation status of any of her challenges on appeal. Her failure to first ascertain the preservation status of her claims (and then present argument in conformance with the applicable standard of review), drastically undercuts the efficacy of her arguments in this appeal.
• Fact Assertions in Argument : Rule 84.04(e) requires that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal[.]" Abston disregards this requirement wholesale: in no instance does she provide any citation to the record in support of facts in her argument section.
• Record on Appeal : The legal file, which "appellant shall prepare[,]"[12] "shall contain all of the record, proceedings and evidence necessary to the determination of all questions ... presented ... to the appellate *880 court for decision." Rule 81.12(a) (emphasis added). "Within ten days after the notice of appeal is filed, appellant shall order the transcript,"[13] and "[t]he transcript shall contain the portions of the proceedings and evidence not previously reduced to written form and necessary to the determination of the issues on appeal." Rule 81.12(c)(2) (emphasis added). Abston's Point I hinges on the contents of the proceedings transcripts from March 6, 2015, and September 2, 2015. Abston did not include these transcripts in the legal file, thus violating the rules of appellate procedure, and severely undercutting the efficacy of her Point I arguments.
• Points Relied On : "A single point relied on that groups multiple, disparate claims is multifarious, does not comply with Rule 84.04, and generally preserves nothing for review." Simmons v. McCulloch , 501 S.W.3d 14, 16 (Mo. App. E.D. 2016) (internal quotation and citation omitted). Abston's Point III alleges that the trial court "abused its discretion" by "ignor[ing] [Abston]'s evidence of meritorious defenses and good cause[,]" and "applied an incorrect burden of proof[.]"[14] Our courts have previously found that where a single point is divided into "sub-points alleging specific examples of the trial court's abuse of discretion[,]" the point is multifarious and in violation of Rule 84.04. Simmons , 501 S.W.3d at 16.
To be clear, compliance with "Rule 84.04 is mandatory ...." Scott v. King , 510 S.W.3d 887, 891 (Mo. App. E.D. 2017). "Inadequate briefs are a disservice to the parties and a burden on the justice system." Scheck Indus. Corp. v. Tarlton Corp. , 435 S.W.3d 705, 718 (Mo. App. E.D. 2014). "Our preference ... to resolve matters on the merits, ... is not a license for non-compliance with Rule 84.04. We wield our discretion to overlook briefing violations with caution because each time we review a noncompliant brief ex gratia , we send an implicit message that substandard briefing is acceptable. It is not." Nichols v. Belleview R-III School District , 528 S.W.3d 918, 927 n.15 (Mo. App. S.D. 2017) (internal quotations and citations omitted).
"[I]t would be well within our discretion to dismiss [Abston]'s appeal" on the basis of these violations. Simmons , 501 S.W.3d at 16-17 (internal quotation omitted). In this particular instance, however, Bramer would not be prejudiced. Therefore, we exercise our discretion to review Abston's claims. For ease of analysis, we take Abston's points out of order.
Abston's Points II and III
Abston's Points II and III errantly presuppose that her motion to set aside challenged a default judgment. It did not. "[I]t is well-established that Rule 74.05(d)'s prerequisites for a motion to set aside are inapplicable when the record shows that the defendant pleaded an answer to the petition or otherwise defended against the petition." Beeman v. Beeman , 296 S.W.3d 514, 517 (Mo. App. W.D. 2009). Even a defendant's timely "attempt [ ] to file" pleadings has been held sufficient for "otherwise defending" per Rule 74.05(d). See *881 Heineck v. Katz , 509 S.W.3d 116, 120 (Mo. App. E.D. 2016). In such instances, "[a] judgment entered ... is not a default judgment, but is a judgment on the merits." MBNA America Bank v. Montgomery , 269 S.W.3d 536, 539 (Mo. App. S.D. 2008).
The record relating to the September 25, 2015 judgment-which Abston's motion to set aside purported to challenge-demonstrates that Abston vigorously defended against Bramer's claims. In her brief, Abston points to "a mountain of evidence" that defended against these claims: she "hired multiple attorneys, hired an expert witness, filed numerous pleadings and responses, and attempted three times to have a trial on the merits." As she further indicates, Bramer and Abston "actually tried Plaintiff's First Amended Petition in March of 2015." Abston's counsel again (correctly) agreed at oral argument that Abston defended against Bramer's claims, and that although the trial court described the September 25, 2015 judgment as arising from Abston's default, Abston did not default, and the resulting judgment was not a default judgment. When judgment was entered on September 25, 2015, it was "not a default judgment, but ... a judgment on the merits." MBNA , 269 S.W.3d at 539. Thus, Rule 74.05 could not apply, so we turn to Rule 74.06, which the trial court also considered, and which Abston also asserts on appeal.
Bramer's brief "concedes it is possible that there may have been a ruling in the September 25, 2015 judgment that was sufficiently erroneous so as to cause it to be deemed 'voidable[ ]' in a successful direct appeal." However, Bramer makes the salient observation that mere error should be raised in a timely direct appeal. See Barron v. Abbott Laboratories, Inc. , 529 S.W.3d 795, 798 (Mo. banc 2017). We recently discussed this issue in Jones v. Jones , 536 S.W.3d 383 (Mo. App. S.D. 2018) :
"Rule 74.06(b) reaches only procedural errors which, if known, would have prevented entry of a judgment" and "does not serve as an alternative to a timely appeal." Adoption of C.P.G.B. , 302 S.W.3d 745, 752 (Mo. App. 2010) (citations and internal quotations omitted). "Rule 74.06 is not intended as an alternative to a timely appeal. Relief from a trial court judgment, which may have been available by appeal, is not necessarily available by a Rule 74.06 proceeding." Love v. Board of Police Comm'rs , 943 S.W.2d 862, 863 (Mo. App. 1997) (citation omitted). "One might go so far as to say the availability of relief by means of a timely appeal weighs against the availability of that relief by way of Rule 74.06, in that the movant's request in that case has less appeal to the conscience of the chancellor." Anderson v. Anderson , 850 S.W.2d 404, 406 (Mo. App. 1993).
Husband does not dispute the Affidavit's authenticity, or claim he did not know the Affidavit would be presented as a basis for entry of judgment, or deny that a division of assets and debts was submitted to the court therewith, or challenge the judicial finding that said division was fair and not unconscionable, or suggest why he could not have timely sought relief in the trial court via Rule 75.01 (as he had done previously in the same case) or by appeal. His rule-violation claim is one of legal error, and thus waived because he did not timely object; this would have been true had even a Supreme Court Rule been involved. See State v. Jacobs , 421 S.W.3d 507, 509-12 (Mo. App. 2013). See also [ Marriage of ] Hendrix , 183 S.W.3d [582, 590 (Mo. banc 2006) ] (observing that a court's non-jurisdictional failure to follow statutory *882 procedures "should be raised on appeal and, if prejudicial, may lead to reversal and remand"); Anderson , 850 S.W.2d at 406 (no Rule 74.06 relief when results of dissolution judgment were foreseeable when it was entered and no appeal was taken).
For all these reasons, and given Husband's delayed action below and failure to allege prejudice here, we cannot say the court abused its discretion in denying Rule 74.06(b) relief.
Jones , 536 S.W.3d at 386-87.
Abston filed a direct appeal to this Court after the trial court entered its judgment on the merits (erroneously designated as a default judgment). Abston failed to perfect that appeal, and it was dismissed. The September 25, 2015 judgment became final thereafter. See Rule 75.01.
Abston's opportunity to challenge the trial court's error in failing to abide by the proper statutory procedures in rendering the September 25, 2015 judgment was in her direct appeal, not in a subsequent motion to set aside.[15] See Jones , 536 S.W.3d at 387. Therefore, the trial court did not abuse its discretion in denying Abston's motion to set aside. Abston's Points II and III are denied.
Abston's Point I: Due Process
In Abston's Point I, she argues that the trial court erred in failing to find the September 25, 2015 judgment void, pursuant to Rule 74.06(b)(4). Abston indicates that the trial court "ignored" evidence that the September 25, 2015 judgment "was entered summarily on the morning of trial without proper notice and proper procedure[,]" whereby the trial court found Abston "in default when she was not in default." Abston suggests that her due process rights were violated, in that she was not "afford[ed] ... the five day notice period required for motions for default judgment" pursuant to Rules 43.01 and 44.01.
Finality of judgments is favored and the concept of a void judgment is narrowly restricted. A judgment is void under Rule 74.06(b)(4) if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process.
Bate , 464 S.W.3d at 517 (internal citations omitted).
To be clear, a judgment is not void merely because it is erroneous. See A.D.D. v. PLE Enterprises, Inc. , 412 S.W.3d 270, 280 (Mo. App. W.D. 2013) ; see also In re the Formation of the Neosho Transp. Dev. Dist. , 416 S.W.3d 326, 333 n.7 (Mo. App. S.D. 2013).
To preserve a constitutional challenge for appeal, the challenging party must:
(1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional *883 question throughout for appellate review.
Mayes v. Saint Luke's Hosp. of Kansas City , 430 S.W.3d 260, 266 (Mo. banc 2014) (internal quotation and citation omitted).
Abston's brief does not demonstrate (or attempt to demonstrate) that this constitutional challenge was preserved below. From the record before us, we observe that Abston's brief is the first time this challenge has been presented.[16] See Mayes , 430 S.W.3d at 266.
On appeal, it is Abston's burden as appellant to demonstrate that she is entitled to relief-"[e]ven in de novo review, the judgment is presumed correct, and the appellant bears the burden of proving it erroneous." Wilder v. John Youngblood Motors, Inc. , 534 S.W.3d 902, 911 (Mo. App. S.D. 2017) (internal quotations and citation omitted). An appellant, claiming that an underlying order is void, "bears the burden of establishing its claim" on appeal. McGee ex rel. McGee v. City of Pine Lawn , 405 S.W.3d 582, 587 (Mo. App. E.D. 2013).
To support her claim, Abston relies on the trial court's alleged failure to comply with the time requirements set forth in Rules 43.01, 44.01, and 74.04. This manner of challenge is unavailing. "[E]rrors in complying with a statute are not jurisdictional in nature." Barron v. Abbott Laboratories, Inc. , 529 S.W.3d 795, 798 (Mo. banc 2017) (citing J.C.W. ex rel. Webb v. Wyciskalla , 275 S.W.3d 249 (Mo. banc 2009) ). Further, "[a]ny failure to comply with [Missouri Court Rules]" would "not deprive the trial court of ... jurisdiction." Feldmann v. Ellefsen , 484 S.W.3d 910, 913 (Mo. App. S.D. 2016). A "rule-based claim of error [must] first be raised in the trial court in order to preserve it for appellate review." Id. Because Abston failed to preserve her rule-based claim of error for appellate review, her challenge is wholly unavailing.
Furthermore, even if Abston's claim were preserved, her argument that the trial court failed to comply with the time-requirements rule and statute-based time requirements, hinges on the events of the March 6, 2015 and September 2, 2015 hearings. As discussed, supra , Abston violates the rules of appellate procedure, and does not include the transcripts of these proceedings in the record before us. Abston has had three opportunities to provide these transcripts of the September 2, 2015 hearing-twice on direct appeal, and again in this appeal-but has never done so. As a matter of practice, we simply cannot assume this non-produced transcript would be favorable to Abston. Indeed, our presumption is the opposite. APAC-Missouri, Inc. v. Boyer , 420 S.W.3d 651, 657-58 (Mo. App. S.D. 2013). In this Court's April 26, 2016 Order, we extensively discussed the necessity of Abston's production of the transcripts, and the seriousness with which this Court viewed her failure to produce these despite numerous opportunities to do so. Now, upon Abston's third failure to provide the transcripts to this Court, Abston simply has no excuse-there is no way for this Court to overlook Abston's serious deviation from the rules and procedures governing appellate review.
"Finality of judgments is favored...." Bate , 464 S.W.3d at 517. Abston does not overcome the significant policy interests *884 associated with that preference, and fails in her "burden of establishing [her] claim" on appeal. McGee ex rel. McGee v. City of Pine Lawn , 405 S.W.3d 582, 587 (Mo. App. E.D. 2013).
Because Abston does not demonstrate that the September 25, 2015 judgment was void, we cannot say that the trial court abused its discretion in denying her motion. Point I is denied.
The judgment of the trial court is affirmed.
NANCY STEFFEN RAHMEYER, C.J./P.J.-Concurs in Separate Opinion
DANIEL E. SCOTT, J.-Concurs
CONCURS IN RESULT
Nancy Steffen Rahmeyer, P.J.
I concur in the result. I write separately to put some context into Appellant's complaints, which were presented and argued at the Motion to Set Aside the "default" judgment. Briefly, the facts are that Appellant paid double rent into the registry of the court in a rent and possession case. The matter was continually contested in partial hearings and the filing of amended motions. Appellant complains that there was a due process violation in the hearing that occurred on September 2, 2015, because the trial court purportedly sustained Respondent's motion to "not allow contrary evidence" because Appellant had not filed an Answer to the Second Amended Supplemental Petition. It is argued that the court sustained the motion, did not allow contrary evidence, and for that reason it was a "default" against Appellant. In fact, the court called it a "default" judgment. As the majority opinion states, and all parties now concede, that is an erroneous designation. It was not a default judgment.[1] The designation as a default judgment was error and I would not fault Appellant for calling it a default judgment in her points when the trial court denominated it as a default judgment. It was error to grant the motion and to enter a default judgment.
The problem I have with reversing the judgment is that despite the statement that Respondent's motion was granted, the judgment also states:
After presentation of arguments, the Court granted all of the [Respondent's] motions. Counsel for [Respondent], upon request by the Court advised the Court that total relief was requested in the form of a default and that Counsel for [Respondent] requested that the Court rule [Appellant] in default, that all allegations in the Second Amended and Supplemental Petition be admitted and that [Appellant] be limited to contesting damages. The Court granted that request for relief in [Respondent's] case-in-chief. [Appellant] did not request to file an answer and affirmative defenses out of time.
Trial was begun at the point it was continued on March 6, 2015, [Respondent] presented its evidence. After [Respondent] rested, [Appellant] was given an opportunity to present evidence and did not present evidence.
The judgment is ambiguous on its face; the judgment states the motion to grant the default on liability was granted, then implies that the court did allow Appellant an opportunity to properly defend the action and submit contrary evidence, but she did not do so. Because we were not given a copy of the transcript to know whether Appellant was allowed to submit contrary evidence, I cannot determine whether the *885 erroneous declaration that it was a default judgment prejudiced Appellant. I cannot make a determination whether the trial and judgment were, in fact, a violation of Appellant's due process rights and, thus, a void judgment.[2] Because Appellant has not convinced me that she was not allowed to contest liability in her trial, I must vote to affirm the judgment.

Abston's record on appeal is inadequate as to many facts necessary for understanding the context and procedural history of this matter. See Missouri Court Rule 81.12. For purposes of comprehensibility our chronology incorporates additional facts outside of the limited record put before us by Abston.
All rule references are to Missouri Court Rules (2016).

Before the hearing, Bramer dismissed his claim for possession of the property.

All references to statutes are to RSMo 2000, unless otherwise indicated.

Neither of these pleadings were included in the record on appeal.

This judgment was actually signed and dated by the trial judge on September 23, 2015, but is filed-stamped September 25, 2015, by the Phelps's County Circuit Clerk's office.

The relevant portion of this Court's Order on April 26, 2016 recited, in relevant part:
In appellant's motion to recall the February 18 mandate, she asserted that she would "order the record as soon as the action is reinstated." Yet, after the Court, on March 1, recalled its mandate and set a March 31 deadline for filing the record on appeal, appellant again chose to take no action in furtherance of the appeal. As a result, the case again went on the dismissal docket on April 4, set to be dismissed on April 20. Later, appellant filed documents revealing she ordered documents for the legal file on April 4 and ordered the transcript on April 19, all after the record was due in this Court, after the Court issued its second dismissal notice, and certainly not "as soon as the action [was] reinstated" as promised in her motion to recall mandate.
In the six months since the appeal was initially filed, appellant has essentially done nothing to further her appeal. After appellant was given another opportunity to pursue her appeal and specifically told the Court that she would "order the record as soon as" the case was "reinstated," she sat idle, knowing this would cause further delay. The Court will not reward this lack of initiative by further delaying a resolution inasmuch as respondent has informed the Court that the delays in the proceedings have caused him "great economic hardship." Considering all of the foregoing, the Court hereby denies appellant's motion for an extension of time.
Also, on this day, notice having been given pursuant to Supreme Court Rule 84.08 that appellant, Rani Abston, failed to take further steps to secure appellate review within the period of time allowed and that good cause has not been shown why this appeal should not be dismissed. IT IS THEREFORE, ORDERED AND ADJUDGED that said appeal should be and hereby is dismissed.

"Respondent John Bramer's Motion to Dismiss Appellant Rani Abston's Appeal on the Ground that it is Moot and Suggestions in Support of Motion to Dismiss Appeal" is denied.

See St. Louis County v. River Ben Estates Homeowners' Ass'n , 408 S.W.3d 116, 123 (Mo. banc 2013) ; State ex rel. Poucher v. Vincent , 258 S.W.3d 62, 66 (Mo. banc 2008) ("absent proof to the contrary[,] a [reviewing] court will presume that the action of the trial court was correct.") (internal quotation and citation omitted).

See State v. Roll , 942 S.W.2d 370, 374 (Mo. banc 1997) ("This Court presumes that the trial judge knew and followed the law[.]"); Matt Miller Co., Inc. v. Taylor-Martin Holdings, LLC , 393 S.W.3d 68, 82 (Mo. App. S.D. 2012).

See Jaco v. Jaco , 516 S.W.3d 429, 436 (Mo. App. W.D. 2017) ("It bears repeating that we are required to affirm a trial court's judgment on any basis supported by the record, even if that basis is other than that which is expressed by the trial court.").

This is appellant's burden, and "shall not be shifted to the appellate court." State ex rel. Greene County v. Barnett , 231 S.W.3d 854, 858 (Mo. App. S.D. 2007) ; see Warren v. Dunlap , 532 S.W.3d 725, 727 (Mo. App. S.D. 2017) ("This court presumes the trial court's judgment is valid, and it is the appellant's burden to show otherwise.").

Rule 81.12(b) (emphasis added).

Rule 81.12(b)(c)(1) (emphasis added).

Abston's companion argument to Point III, alleges that the trial court abused its discretion by "contemptuously disregarding [Abston]'s evidence"; "by making credibility determinations"; and by "applying the doctrine of 'res judicata' to [Abston]'s affirmative defense of 'breach of implied warranty of habitability.' "

Unless the challenged judgment is void, Rule 74.06 relief is discretionary-a court "may relieve a party[.]" Rule 74.06(b). Abston failed to perfect her direct appeal, even after this Court withdrew mandate and reinstated her appeal to allow her a second bite at the apple. As such, she presented potentially cognizable direct appeal claims for the first time in her Rule 74.06(b) motion, thereby requesting a third bite at the apple. "Finality of judgments is favored[,]" Bate , 464 S.W.3d at 517, and the trial court had the discretion to find that this procedural posture cut against relief. See Walton v. City of Berkeley , 223 S.W.3d 126, 128-31 (Mo. banc 2007).

Abston also argues that the trial court erred because the trial court failed to comply with Rule 74.04, in failing to provide her thirty days to respond to Bramer's motion. This argument is unavailing. Abston's brief wholly fails to demonstrate that the proceedings in this matter fall under the purview of Rule 74.04. Further, this argument was not timely preserved. See Mayes , 430 S.W.3d at 266.

Respondent did not request, nor is there any indication in the record, that the motion to disallow contrary evidence was some kind of sanction against Appellant.

Appellant adds, as a due process claim, that the trial court refused to allow Appellant to post as a bond the roughly $57,000 that was in the court registry and, thus, she was unable to perfect an appeal. Appellant has not raised that as a separate point and, thus, we cannot address it.