

# Missouri Court of Appeals

## Southern District

## Division One

BOYD A. PENNINGTON, individually ) 
and as Successor Trustee of the ) 
JAMES W. GRESHAM LIVING TRUST, ) 
                                              ) 
        Plaintiff-Appellant, ) 
                                              ) 
vs. )     No. SD36226 
                                              )     Filed: December 6, 2019 
SAIDEE ANN VONIER, individually, ) 
and as Trustee of the ) 
JAMES W. GRESHAM LIVING TRUST, ) 
                                              ) 
        Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Dean G. Dankelson, Judge

### AFFIRMED

Boyd A. Pennington ("Pennington") appeals from the trial court's judgment, after a bench trial. Finding no merit to Pennington's two points, we affirm the trial court's judgment.

### Facts and Procedural History

James W. Gresham ("Gresham") created and executed the "James W. Gresham Living Trust" ("Trust") on January 31, 2011. Gresham, as Trustor, was to receive all the income and principal of the Trust estate as he directed. Gresham also had the right to amend or revoke the

Trust at any time, other than in times of disability. The successor trustee, Southwest Missouri Bank, was given the "same rights, powers, duties, discretions and immunities as if it had been named as initial Trustee[.]" Under "Section 4. Exercise of Trustor's Rights and Powers by Others" of the Trust, Gresham reserved "[t]he power to amend, revoke or terminate the trust created by this trust agreement[.]"

Saidee[1] Ann Vonier ("Vonier") married Gresham on July 15, 2013.[2] Pennington is Vonier's biological son, and Gresham's stepson. Gresham amended the Trust four times during his lifetime, with the primary changes being designated beneficiaries and changes of successor trustees. Gresham's fourth and final amendment was executed on July 29, 2013, whereby Gresham made the following changes:

FlRST:
> The first paragraph of Article I, Section 1, Parties to the Trust is hereby amended to read as follows:
> 'This Trust Agreement dated 31 of January, 2011 is made by James Gresham, as Trustor, and James Gresham and Saidee Ann Vonier, as initial Trustees.'

SECOND:
> Article III, Section 4 'Designated Successor Trustees' is hereby amended to read as follows:
> 'Upon the death or disability of JAMES W. GRESHAM or SAIDEE ANN VONIER, the other shall serve as successor trustee. Upon the death or disability of both JAMES W. GRESHAM or SAIDEE ANN VONIER, then they shall be replaced by BOYD PENNINGTON.'

THIRD:
> Article IV, Section 4 is amended to read as follows:
> 'The power to amend, revoke or terminate the trust created by this trust Agreement is personal to the Trustor, but after his death, may be exercised by the Successor Trustee.'

---

[1] The record before us contains numerous misspellings of Respondent's first name, including the trial court's judgment. We have discerned from the record that "Saidee" is in fact the correct spelling, and use it accordingly.

[2] Vonier and Gresham had known each other since they were in their teens.

2

FOURTH:

Article VI, Section 2 as it appears in the Third Amendment to Trust Agreement and the Corrected Third Amendment shall be deleted. In its place shall be the following: The Trustee shall pay or apply for the benefit of Saidee Ann Vonier during her lifetime all or such part of the income and principal of the trust estate as the Trustee shall direct.

FIFTH:

Article VII, Sections 1, 1.1, 1.2, and 1.3 as set out in the James W. Gresham Living Trust and as appear in the Amendment to Trust Agreement, Second Amendment to Trust Agreement, Third Amendment to Trust Agreement, and Corrected Third Amendment to Trust Agreement are all deleted and shall read as follows:

'Upon my death, I direct my Trustee to distribute my land, equipment, and household goods and personal effects to my wife, Saidee Ann Vonier, as a life estate. At her death, the property is to be distributed outright to her son, Boyd Pennington, 17350 Taylor Drive, Olathe, Kansas, if he survives her. If he does not survive her, the trust estate shall be then distributed to those persons who would be my heirs had I died intestate owning such property.

Any trust property distributed under this Article shall follow the laws of intestate succession of the State of Missouri as such laws are in effect at the time of such distribution.'

SIXTH:

Except as expressly amended hereby, all of the terms, conditions and provisions of said Trust Agreement and previous amendments shall remain in full force and effect.

Gresham died on January 23, 2014. On March 8, 2017, Pennington filed suit in an attempt to prohibit Vonier from selling two tracts of real estate, which were part of the Trust assets, or in the alternative to execute a deed reflecting Vonier's life estate and Pennington "as the remainder beneficiary."

On March 29, 2017, Vonier, as Successor Trustee of the Trust, executed a Fifth Amendment to the Trust, which "canceled, annulled and rescinded" Article III, Section 4, of Gresham's Fourth Amendment to Trust Agreement, replacing Pennington as Successor Trustee, and eliminating Pennington as a beneficiary. On April 13, 2018, Vonier executed a deed transferring all the real estate from the Trust to herself personally.

3

A bench trial was held on March 26, 2019, wherein Pennington and Vonier testified. On June 21, 2019, the trial court entered its "Findings of Fact, Conclusions of Law and Judgment Entry," denying the relief sought by Pennington. The trial court found:

23. Unless contrary to public policy, a trust is to be construed and enforced according to the intent of the settlor as expressed within the trust document or documents. A settlor is presumed to know and intend the legal effect of the language he or she uses in the trust documents. Extrinsic evidence or aid for the construction of the trust is only permitted whenever some ambiguity exists in the language of the trust.

24. In the provisions of Fourth Amendment, Article I, Section 1, of the Gresham Trust, Vonier was named an "initial Trustee" of the Trust. Article III, Section 4 also provided that upon the death of Gresham or Vonier, the survivor was to serve as the sole Successor Trustee. After the death of Gresham, Vonier was the sole surviving Trustee.

25. Under Section 2 of Article VI of the Fourth Amendment, Vonier was permitted to distribute as much of the trust property to Vonier that she, as the Successor Trustee, might direct. The specific language of that provision was that "*The Trustee shall pay or apply for the benefit of Saidee Ann Vonier during her lifetime all or such part of the income and principal of the trust estate as the Trustee shall direct.*" This language is unambiguous and evidences a clear intent that Vonier, as Successor Trustee, could distribute all the principal of the Trust Estate to herself, including the real estate.

26. Under the just recently accomplished deed from herself as Trustee to herself individually, Vonier is now the owner of the real estate as permitted and authorized by the Trust, free of any claim to a remainder ownership interest of Pennington. This transfer was permitted, authorized, and directed by the unambiguous language of the Trust.

27. Alternatively, *§456.6-602 RSMo.* of the Missouri Uniform Trust Code, provides that unless the terms of the trust provide otherwise, a settlor may revoke or amend a trust. Subsection 5 also provides that the power of amendment may be exercised by an agent if expressly authorized by the terms of the trust. In the present case, Article IV, Section 3, reserved to the Trustor the right to amend the Trust. Article IV, Section 3, reserved to the Trustor the right to amend the Trust. Article IV, Section 4 as amended in the Fourth Amendment, provided that the right of amendment could be exercised by the Successor Trustee, including a right to amend the Trust after the death of the original Trustor or settlor.

28. Thereafter, as the Successor Trustee, Vonier amended the Trust by executing the Fifth Amendment which provided that upon the death of the Trustor or Gresham, the trust estate was to be distributed to Vonier as an individual. This amendment was entirely within the authority conferred upon her by the Trust documents executed by Gresham. Under this amendment, the execution and delivery to herself of a deed to the Trust real estate was pursuant to the terms of the Fifth Amendment of the Trust.

29. The Court concludes that the plain language of the Trust, as amended after his marriage to Vonier, shows an intent on the part of the settlor Gresham to give Vonier complete discretion to distribute the entire trust estate to herself, including the Trust real estate. Vonier was permitted and authorized to deed the real estate to herself as a distribution under the provisions of Article VI, Section 2, of the Fourth Amendment or could amend the Trust to provide for a distribution to her under the right to amend the trust as given to her in the Fourth Amendment. As the language of the trust is clear and unambiguous, there can be no resort to extrinsic evidence of the intent of the Trustor to reach a different conclusion.

30. The interest of Pennington under the Gresham Trust was a contingent interest, first being contingent upon the failure of Vonier to exercise the discretion and power granted to her under Article VI, Section 2, of the Fourth Amendment to distribute the real estate to herself and, also, being contingent on the failure of Vonier to exercise her right to amend the Gresham Trust to provide for a different distribution than was set forth in the Fourth Amendment. The acts of Vonier to amend the Trust to provide for an outright distribution of the trust residuary to herself and deeding the trust real estate to herself have negated any remainder interest in the trust real estate of Plaintiff Pennington.

31. As a matter of law, any right or entitlement of Plaintiff to a remainder ownership interest in the real estate has been negated. Judgment should be entered for the Defendant on the claim of the Plaintiff filed herein.

32. As the Defendant followed the express provisions of the Trust in distributing or deeding the trust real estate to herself, she did not breach her fiduciary duties as Successor Trustee as those duties related to the Plaintiff as a contingent remainderman.

(Emphasis in original) (case citations omitted).

This appeal followed. In two points, Pennington asserts:

I.    The trial court erred as a matter of law in refusing to mandate the issuance of a deed reflecting the creation of a legal life estate when the sole and successor trustee to a living trust, who was not the original grantor, was also the sole life beneficiary.

5

II.     The trial court erred as a matter of law by construing the terms of the trust so as to permit a successor trustee to amend or revoke the trust and transfer trust assets to herself as life time beneficiary to the exclusion of all other beneficiaries under the trust.

## Standard of Review

In a bench-tried case, the reviewing court affirms unless the appellant demonstrates that the trial court's judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976).[3]

## Analysis

### *Point I:  Deed and Life Estate*

In his first point, Pennington argues that the trial court erred "in refusing to mandate the issuance of a deed reflecting the creation of a life estate," in that "the sole successor trustee to a living trust, who was not the grantor, was also the sole life beneficiary."

Our Supreme Court has indicated that "[f]inality of judgments is favored[.]"  ***Bate v. Greenwich Insurance Company***, 464 S.W.3d 515, 517 (Mo. banc 2015).

> The principles governing appellate review are consistent with this policy interest: (1) we presume the challenged judgment is correct; (2) we presume the trial court knows and applies the law; (3) we will affirm on any basis supported by the record; and (4) it is an appellant's burden to dislodge us from the presumption that the outcome below was correct.

***Bramer v. Abston***, 553 S.W.3d 872, 879 (Mo.App. S.D. 2018) (internal quotations and citations omitted).

---

[3] Before Pennington's standard of review section correctly recites the ***Murphy*** standard, it errantly recites a standard or review explicitly rejected by ***Murphy***, to-wit:  that "[b]ecause this was a court tried case, review of the cause is de novo both upon the law and the evidence . . . ."  As ***Murphy*** disclosed over forty years ago, "[t]he use of the words de novo and clearly erroneous is no longer appropriate in appellate review of cases under Rule 73.01."  536 S.W.2d at 32.

All rule references are to Missouri Court Rules (2019).

The argument underlying Pennington's first point is that the positions of trustee and beneficiary merged together in Vonier, and as a result, Vonier's interests were thereafter limited to a life estate. In support, Pennington cites some Missouri law as to "basic principles of trust law[,]" to wit: (1) deference to "'the settlor's intent'"; and (2) applying the "plain, ordinary meaning[]" of the trust terms. In attempting to demonstrate the applicable contours of Missouri law, Pennington directs this Court to a 1947 case from the New York "Surrogate's Court," as well as a 1956 case from the New York Court of Appeals, and a 2000 case from the Supreme Court of New York.

While these cases are perhaps reflective of New York trust law, it is not binding precedent in Missouri—and, as relevant here, none of these cases have ever been cited or relied upon by a Missouri court (appellate or otherwise). Quite simply, Pennington's argument fails to demonstrate that the trial court erroneously applied *Missouri law* such as to prejudice Pennington. It was Pennington's burden as appellant to so demonstrate, and such burden will not be assumed by the reviewing court. *See TracFone Wireless Inc. v. City of Springfield*, 557 S.W.3d 439, 444 n.5 (Mo.App. S.D. 2018). For these reasons, we must deny Pennington's first point.

### Point II: Successor Trustee

In his second point, Pennington argues that "[t]he trial court erred as a matter of law by construing the terms of the trust so as to permit a successor trustee to amend or revoke the trust," such as to "transfer assets to herself as a life time beneficiary to the exclusion of all other beneficiaries under the trust." Essentially, this is an argument that if merger does not apply and Vonier had the authority of a trustee, she breached her duties in that capacity by self-dealing and destroying the remainder interest of the Trust.

7

In attempting to support his argument, Pennington cites Missouri law for the general principle that a trustee must act with impartiality, and that beneficiaries have standing to bring an action against a trustee for misconduct. In support of the more specific claim underlying his second point, Pennington directs this Court to ***Bollenger v. Bray***, 411 S.W.2d 65 (Mo. banc 1967). ***Bollenger*** did not deal with a trust, but rather with a claim that a life estate holder (where the life estate was granted by a will) invaded and consumed more of the corpus of the estate than was authorized by the grant of the will. ***Id.*** at 68. ***Bollenger*** has not been cited by another case (Missouri or otherwise) in the last thirty-five years—of the four cases that did rely on ***Bollenger*** before that time, none did so for the premise now advocated by Pennington. As such, Pennington wholly fails to demonstrate that ***Bollenger*** is applicable (much less controlling).

Pennington also refers us to cases from Florida, Pennsylvania, Arkansas, Connecticut, and New York, issued variously from the 1950s to the 1970s. Even if Pennington's resort to non-binding jurisdictions were shown to be proper, Pennington does not account for the forty-year gap in treatment for the premise underlying his instant claim. Moreover, none of the six appellate court decisions relied on by Pennington have been cited (much less relied upon) by any Missouri court. In order to establish the merits (or not) of Pennington's claim, we would be forced to perform our own legal research on his behalf. This would amount to court advocacy on Pennington's behalf—this is prohibited, and we will not do so here. ***Matter of the Eberle Family Trust Two (2)***, 481 S.W.3d 592, 598 (Mo.App. S.D. 2016). "[I]t is an appellant's burden to dislodge us from the presumption that the outcome below was correct." ***Bramer***, 553 S.W.3d at 879 (internal quotation and citation omitted). Pennington fails to do so. As such, we deny his Point II.

8

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS