

# Missouri Court of Appeals

## Southern District

### Division One

DEBORAH J. MILLER, )
)
      Plaintiff-Appellant, )
)
v. ) No. SD36711
) Filed: February 18, 2021
GREGORY A. CULTON, SR., )
)
      Defendant-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Douglas D. Gaston, Special Judge

**<u>AFFIRMED</u>**

Deborah J. Miller ("Miller") appeals from the trial court's judgment in favor of Gregory A. Culton ("Culton"). In two points on appeal, Miller asserts the trial court misapplied the law in awarding 100 percent of partition sale funds to Culton because the property was sold "subject to" the existing note and deed of trust encumbering the property, and because Culton waived any entitlement to an offset or unequal distribution of the partition funds. Finding no merit to Miller's two points, we deny the same and affirm the judgment of the trial court.[1]

---

[1] Culton did not submit a brief. Culton was not required to do so and suffers no penalty as a result, though we are left to adjudicate the issues presented without the benefit of any argument Culton may have asserted. *See **Erskine v. Dir. of Revenue**,* 428 S.W.3d 789, 790 n.1 (Mo.App. S.D. 2014).

## Facts and Procedural Background

We recite the evidence in accord with the principle that the trial court can believe some, all, or none of the evidence, and that our standard of review requires us to view the evidence in the light most favorable to the trial court's judgment. ***Bramer v. Abston***, 553 S.W.3d 872, 879 (Mo.App. S.D. 2018). We recite other material as necessary for context.

On March 3, 2005, Culton acquired a parcel of real estate located in Howell County (the "real estate"). He made a $25,000 down payment, and executed a promissory note in the amount of $125,000, secured by a deed of trust.

On October 20, 2005, Culton added Miller's name to the warranty deed, but not to the promissory note and deed of trust.[2] Culton and Miller were in a relationship for 13 years, but never married.

At Miller's request, Culton moved from the real estate in November 2016, but Culton continued to make payments in the amount of $821.16 per month, as required by the promissory note.

On January 10, 2017, Miller filed a "Petition for Partition of Real Estate," against Culton. On February 20, 2017, Miller amended the petition to add Countrywide Home Loans, Inc. (the holder of the promissory note at the time), as a party defendant.

---

[2] While this warranty deed was entered into evidence as Exhibit B at the March 11, 2019 hearing, it was not made part of the record on appeal, nor were the other six exhibits. Miller's brief states that all exhibits were in the possession of Culton's attorney, and that while Miller requested the exhibits, Culton's attorney never provided them. Rule 4 of the Southern District Special Rules provides that "[i]n the event a party other than appellant has custody of an exhibit, the appellant shall request the exhibit in writing from the party having custody" and file a copy of the request with this Court. Miller did not file a copy of any written request with this Court. When an exhibit is omitted from the record on appeal and is not deposited with the appellate court, "its intendment and content will be taken as favorable to the trial court's ruling and as unfavorable to the appellant." ***State v. Hawkins***, 328 S.W.3d 799, 810 n.3 (Mo.App. S.D. 2010).

On June 12, 2017, Miller and Culton entered into a "Stipulation" whereby they agreed that the real estate was of such a nature that it could not be divided in kind, and requested an order by the court

> directing the sale of the real estate, subject to the lien of the mortgage, by the Sheriff of Howell County with said sale to be conducted at a time selected by the Sheriff and to be set forth in subsequent order of the Court.
>
> The parties further request that the proceeds from the sale be deposited in the registry of the circuit clerk of Howell County awaiting further orders of the court for apportionment of the sale proceeds.

On June 13, 2017, the court issued its order that the real estate be sold by the Howell County Sheriff, "subject to the lien of the mortgage[.]"[3]

On October 23, 2017, a "Notice of Sale in Partition" was issued by the Sheriff of Howell County, that the subject real estate would be sold on December 8, 2017. The real estate was sold on December 8, 2017, to Dan Culton (Greg Culton's brother and the highest bidder) for the sum of $85,000. The sale proceeds were placed in the registry of the court.

On February 5, 2018, the trial court ordered the sum of $4,279.50, representing costs and expenses of the sale, be paid out of the sale proceeds. A sheriff's deed was delivered to the buyer on the same date.

On March 11, 2019, a hearing was held. Miller presented no evidence, but asked the court to take judicial notice of the Stipulation filed by the parties. Culton testified as to his original acquisition of the real estate, and the subsequent transfer of the real estate by him as a single person, then to himself and Miller as single persons. Culton testified, without objection, that he continued to pay the mortgage payments, insurance, and real estate taxes. He stated that after the sheriff's sale, he stopped making the mortgage payments, but had to resume making the payments due to the unresolved issue of division of the sale proceeds. There was a delinquency

---

[3] The trial court signed the bottom of the Stipulation under date of June 13, 2017, with the notation "so ordered."

3

of $3,366.74, and Countrywide was instituting foreclosure proceedings. To avoid foreclosure proceedings, and to protect his credit, Culton paid the delinquency and thereafter continued to make the mortgage payments. Culton testified that the current balance due on the promissory note, now held by Select Portfolio Servicing, Inc., was $82,762.62.

In final argument, the parties stipulated that the sole argument was whether or not the lien would be paid before the proceeds of the sale were distributed between the parties.

The trial court took the matter under advisement and requested counsel submit suggestions in support.

On February 19, 2020, the trial court filed its "Judgment and Order of Distribution." The trial court specifically found that "although the real estate was sold subject to the deed of trust, the defendant continues to be the sole obligated party under the terms of the promissory note and has been required to service said debt as well as other associated costs, with no financial contribution by the plaintiff." The trial court ordered the Circuit Clerk of Howell County to pay Culton the sum of $80,720.50, the remaining funds being held in the court's registry, after payment of cost, expenses and attorney fees.

On March 19, 2020, Miller filed a "Motion to Amend Judgment, for Reconsideration and/or for New Trial." There is no indication in the record that the trial court ruled on the motion and it is therefore deemed overruled pursuant to Rule 78.06.[4] This appeal followed.

In two points on appeal, Miller asserts:

POINT I:    The trial Court misapplied the law in awarding one hundred percent of the partition sale funds to [Culton] because the property was sold 'subject-to' the existing note and deed of trust encumbering the property and therefore resulted in a distribution not in accordance with interests of the parties.

---

[4] All rule references are to Missouri Court Rules (2016).

POINT II: The trial Court misapplied the law in awarding one hundred percent of the partition sale funds to [Culton] because the property was sold subject-to the existing note and deed of trust encumbering the property and [Culton] affirmatively waived any entitlement to an offset or unequal distribution of the partition funds.

**Standard of Review**

A partition action is a court tried action and is thus reviewed pursuant to *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. We defer to the trial court's findings of fact because of its superior ability to assess the credibility of witnesses.

*Umland v. Graham*, 589 S.W.3d 670, 672 (Mo.App. W.D. 2019) (internal quotations and citations omitted).

**Analysis**

*Point I: Distribution Allegedly "Not in Party Interests"*

Miller argues that "because each of the parties held an undivided one-half interest in the whole, the remaining proceeds after expenses should have been divided among the two parties, as their interests appeared in the deed, each receiving $40,360.25 respectively, rather than apportioned to [Culton] solely to satisfy the encumbrance on the subject property."

"[T]he law is settled in Missouri and generally over the country that, when a grantee takes title to land by deed reciting the conveyance is *subject* to certain incumbrances, the deed itself imposes on him no personal liability with respect thereto." *Hollida v. Hollida*, 131 S.W.3d 911, 922 (Mo.App. S.D. 2004) (internal quotation and citation omitted) (emphasis in original). This does not "somehow obligate[] the purchaser . . . to *assume* the prior owners' liability on the promissory note." *Id.* at 921 (emphasis in original). "[T]here is nothing in the record suggesting that [purchaser] contractually assumed the promissory note prior to his purchasing the property in question at the . . . sale." *Id.* at 922. "While the []purchaser may ultimately have to pay the

5

underlying debt to avoid foreclosure, if it fails to do so, as the facts are now presented, its liability is limited only to its interest in the property itself." *Id.*

"The presumption that co-tenants hold equal ownership shares in property in the face of a deed that is otherwise silent may be rebutted. Evidence relevant to rebut the presumption may include evidence that the co-tenants contributed unequally toward the purchase of the property." *Hoit v. Rankin*, 320 S.W.3d 761, 772 (Mo.App. W.D. 2010).

As relevant here, the trial court found that the property sold for $85,000 at the Sheriff's sale, "and the sale of the real estate did not result in satisfaction of the promissory note as the real estate was sold subject to the existing deed of trust which at the time of the sale was approximately $82,000." The trial court also found that "although the real estate was sold subject to the deed of trust, the defendant continues to be the sole obligated party under the terms of the promissory note and has been required to service said debt as well as other associated costs, with no financial contribution by the plaintiff." Miller fails to demonstrate how, on the basis of this record and these findings, the trial court erred in awarding the proceeds of the sale to Culton. Point I is denied.

### Point II: Alleged Judicial Admission

In her second point, Miller argues that the "trial [c]ourt misapplied the law in awarding one hundred percent of the partition sale funds to [Culton] because the property was sold subject-to the existing note and deed of trust encumbering the property and [Culton] affirmatively waived any entitlement to an offer or unequal distribution of the partition funds." In support, Miller directs us to the following portion of the March 11, 2019 hearing transcript:

[MILLER'S COUNSEL]: Judge, before we go off the record I just would ask the Court to reflect that prior to going on the record this morning **we agreed that the sole argument today was <u>whether or not the lien would be paid before the proceeds were distributed</u>, but the expenses that may have been claimed or testified to today, those were not going to be part -- there's not setoffs or anything like that**. That's the only thing I'd ask the Court to note.

[CULTON'S COUNSEL]: **And that's correct, Judge**. It was just that the Court understood, again, the portion on the rights of the parties and knowing about the note and where those payments had come from, sir.

THE COURT: Okay. Do you all want to be heard?

[MILLER'S COUNSEL]: No, Judge.

[CULTON'S COUNSEL]: Judge, I think you heard our argument. There's no reason for that to be on the record --

[MILLER'S COUNSEL]: Right.

THE COURT: Okay.

[CULTON'S COUNSEL]: -- because I don't -- whichever way the Court goes, no matter whether the argument is on the record or was in chambers with you, it means the same.

[MILLER'S COUNSEL]: Right.

THE COURT: Okay.

(Emphasis added).

The question of "whether or not the lien would be paid before the proceeds were distributed," as identified by counsel for Miller and Culton, is precisely the issue addressed by the trial court's judgment. The trial court in essence found that the lien *would* be paid before the proceeds were distributed between the parties. That finding does not contravene the stipulation, *supra*, made by counsels for Miller and Culton. Point II is accordingly denied.

7

The judgment of the trial court is affirmed.


WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - CONCURS

JACK A.L. GOODMAN, J. - CONCURS